DECISION AND JOURNAL ENTRY
Forrest Wright[1] appeals from the decision of the Lorain County Court of Common Pleas, which granted summary judgment to defendant Allstate Insurance Company. This court reverses.
 I.
On December 12, 1992, Scott Wright was killed when a Conrail train struck the car in which he was a passenger. Scott was the non-residential brother of appellant. Esther Wright, mother of both Scott and appellant, was named the administratrix of Scott's estate and the personal representative in a wrongful death action filed against the automobile driver, his insurer, and Conrail. Appellant was a statutory beneficiary under Ohio's wrongful death statute, R.C. 2125.02. Appellant determined that his losses resulting from his brother's death were also compensable under the underinsured motorist coverage included in appellant's Allstate automobile insurance policy. Appellant's policy did not insure Scott, the driver, or the car involved in the fatal accident. Sometime prior to June 23, 1994, appellant apparently submitted a claim for coverage to Allstate. Allstate apparently responded with a letter of June 23, 1994, advising appellant that because Scott was not an insured under the policy, there was no coverage.[2] In the fall of 1994, Esther Wright as the personal representative of the statutory beneficiaries settled the wrongful death claims in several separate settlement agreements. Appellant received $25,000 from one of the settlements.
On March 3, 1998, appellant filed a complaint against Allstate, seeking a declaratory judgment and damages for his claim under the underinsured motorist provisions of his policy. Appellant filed a motion for summary judgment. Allstate also filed a motion for summary judgment. The trial court granted judgment in favor of Allstate, determining that appellant was not entitled to coverage under the policy, and that appellant had failed to timely notify Allstate of the settlement of the wrongful death claims.
Appellant filed the instant appeal, asserting two errors, which we address in reverse order.
 II. II. The trial court erred in finding that appellant breached the terms of his automobile policy, where Appellee Allstate denied any coverage when presented with appellant's claim.
To prevail on a summary judgment motion, the moving party "bears the initial burden of demonstrating that there are no genuine issues of material fact concerning an essential element of the opponent's case." (Emphasis sic.) Dresher v.Burt (1996), 75 Ohio St.3d 280, 292. To accomplish this, the movant must point out to the trial court "evidentiary materials [that] show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law." Id. at 293. If such evidence is produced, the non-moving party must proffer evidence that some issue of material fact remains for the trial court to resolve. Id.
An appellate court reviews an award of summary judgment denovo and, like the trial court, must view the facts in the case in the light most favorable to the non-moving party. Grafton v. OhioEdison Co. (1996), 77 Ohio St.3d 102, 105. Any doubt must be resolved in favor of the non-moving party. Viock v.Stowe-Woodward Co. (1983), 13 Ohio App.3d 7, 12.
In its motion for summary judgment, Allstate advanced two theories: (1) there was no coverage under the policy for the instant circumstances, and (2) even if there was such coverage, appellant breached the policy contract by failing to advise Allstate of pending settlements in the wrongful death action, so that Allstate could protect its subrogation rights. In granting summary judgment, the court agreed with both propositions.
Appellant asserts that because Allstate had already refused coverage prior to the above-mentioned settlements, the trial court erred in finding that appellant breached the terms of the contract by failing to provide Allstate with advance notice of these settlements. See Bakos v. Insura Prop. Cas. Ins. Co. (1997),125 Ohio App.3d 548. Furthermore, appellant cites to the Ohio Supreme Court's decision in Weiker v. Motorists Mut. Ins. Co.
(1998), 82 Ohio St.3d 182, 184-185 (holding that the insured had no obligation to advise the insurer of settlement by the personal representative in the wrongful death suit, where the insurance policy required prior notice of settlement by the insured).
However, we need not address these issues because Allstate was required to point to evidence in the record or to produce evidence that complies with Civ.R. 56 to support its motion for summary judgment under this theory. Although Allstate submitted certified copies of the wrongful death settlement papers, it produced no evidence to support its assertion that appellant failed to advise Allstate in advance that settlements were pending. Because Allstate failed to present evidence that there was no genuine issue of material fact as to appellant's alleged breach of the policy provisions, there was no burden on appellant's part to negate Allstate's assertion. The trial court erroneously determined that there was no genuine issue of material fact and that Allstate was entitled to judgment as a matter of law on the basis of the alleged breach. Appellant's second assignment of error is well-taken.
We now turn to the underlying issue of whether there was coverage under the terms of appellant's policy.
 III. I. The trial court erred in finding that Appellant Forrest Wright was not entitled to underinsured motorist coverage in the policy issued to him by Appellee Allstate Insurance Company, for damages sustained by him as a result of the wrongful death of his brother, decedent Scott Wright.
This court concludes that the grant of summary judgment was not appropriate. The Supreme Court of Ohio in Sexton v.State Farm Ins. Co. (1982), 69 Ohio St.2d 431, determined that R.C. 3937.18, governing uninsured and underinsured motorist coverage in Ohio, forbids denial of a plaintiff's claim based on underinsured motorist coverage where the plaintiff meets four criteria. These statutory criteria are: (1) there is an insured; (2) the insured is entitled to recover damages because of injury or death caused by an underinsured motorist; (3) damages result from injury or death; and (4) the tortfeasor is the owner or operator of an underinsured motor vehicle. Id. at 434-435. Any policy provisions that exclude coverage even when these conditions are met fails to comply with the statutory mandate and are void. Id. at 435-436.
In the instant case, Allstate does not contend that appellant failed to meet any of the criteria. Rather, Allstate argues that its policy restrictions limited underinsured motorist coverage to cases in which an insured person, as defined in the policy, suffered the bodily injury or death.[3] The original policy provided that Allstate would compensate for "damages for bodily injury, sickness, disease or death which a person insured is legally entitled to cover from the owner or operator of an uninsured auto." There is no doubt that appellant, who was an insured person, was legally entitled to recover from the operator of the underinsured automobile. A later policy addendum[4]
attempted to restrict coverage to "damages which an insured person is legally entitled to recover from the owner or operator of an [underinsured] auto because of bodily injury sustained by an insured person."
Allstate points to our decision in Nationwide Mut. Ins. Co.v. Wright (June 5, 1996), Lorain App. No. 95CA006190, unreported, where we affirmed the denial of coverage under policies which Allstate describes as "similar to the language in the Allstate policy now before the court." Without determining whether Allstate's description of the Nationwide policies is accurate, this court determines that the rule outlined in Sexton applies to the instant case. If ever there was doubt about Sexton's
applicability to facts such as those here, the Ohio Supreme Court's recent decision in Moore v. State Auto Mut. Ins. Co.
(2000), 88 Ohio St.3d 27, resolved the issue.[5]
The appellant in Moore was the mother of a decedent son. Id.
at 27. "The decedent was not a named insured in appellant's policy, was not a resident of appellant's household, and, at the time of the accident, was not occupying a vehicle that was covered by appellant's policy." Id. The facts in Moore are more similar to those in the instant case than to the facts in Sexton,
involving the claim of a non-resident father of a decedent minor child for whom the father had financial responsibility. SeeSexton, 69 Ohio St.2d at 431. Yet the Court in Moore treatedSexton as controlling law and applicable to the facts in Moore. The Court held in Moore that "R.C. 3937.18(A)(1) * * * does not permit an insurer to limit underinsured motorist coverage in such a way that an insured must suffer bodily injury, sickness, or disease in order to recover damages from the insurer." Moore, 88 Ohio St.3d at syllabus.
Thus, it is clear that Allstate's policy provisions restricting underinsured coverage to instances where bodily injury or death was suffered by an insured individual are void as contrary to law and are unenforceable.
Appellant's first assignment of error is well-taken. The trial court erred in granting summary judgment to Allstate.
 IV.
Having sustained appellant's assignments of error, we reverse the judgment of the trial court and remand the cause for further proceedings consistent with this opinion.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellee.
Exceptions.
 ___________________________ WILLIAM R. BAIRD
FOR THE COURT, BATCHELDER, P. J., WHITMORE, J., CONCUR
[1] It appears that appellant was the uncle of the decedent Scott Wright, but became the brother of the decedent when Scott was adopted by appellant's parents. Appellant's father, also named Forrest Wright, was one of the appellants in Nationwide Mut.Ins. Co. v. Wright (June 5, 1996), Lorain App. No. 95CA006190, unreported, discussed infra. That case also related to underinsured motorist claims arising out of the death of Scott Wright.
[2] In response to Allstate's motion for summary judgment, which was predicated in part on appellant's failure to notify Allstate of pending settlements in the wrongful death claims, appellant submitted a photocopy of a responsive letter from Allstate to appellant's attorney. Appellant did not authenticate the letter. The letter, apparently from an Allstate claims representative, states that there is no coverage under appellant's policy for the accident. Whether an Allstate representative authored this letter has no bearing on the outcome of this appeal.
[3] The original policy proved coverage only for accidents involving an "uninsured" motorist. A policy addendum re-defined an uninsured auto as one that was essentially underinsured.
[4] Neither the original policy nor the addendum is dated.
[5] Moore focused on the S.B. 20 changes to R.C. 3937.18, which went into effect on October 20, 1994. The Court essentially determined that the prior law, as enunciated in its earlier Sexton
decision, survived the legislative changes. Moore clearly underscored the Sexton decision as it applied to both the prior and the current versions of the statute.