OPINION
{¶ 1} Cynthia L. Ross, individually and in her fiduciary capacity as beneficiary to the estate of her deceased husband, Matthew A. Ross; Robert R. Ross, a minor; and Samantha J. Ross, a minor, plaintiffs-appellants, appeal separate summary judgments granted in the Franklin County Court of Common Pleas that determined Cynthia and Matthew were not entitled to coverage under automobile insurance policies issued to Cynthia's employer, the city of Ashland, Ohio; and Matthew's former employer, Ashland County, Ohio.
 {¶ 2} Matthew was fatally injured in a September 2000 accident in which a motor vehicle driven by defendant-appellee Clyde Clark collided with Matthew's motorcycle on Interstate 270 in Columbus, Ohio. At the time of the accident, Clark was insured by Nationwide Insurance Company ("Nationwide"); the Rosses were insured via a personal automobile policy issued by Cincinnati Insurance Company ("CIC"); the city of Ashland was insured by Great Oaks Insurance Company ("GO"); and Ashland County was insured under a joint self-insurance pool known as The County Risk Sharing Authority ("CORSA"). Appellants sued Clark, Nationwide, CIC, GO, and CORSA seeking damages for the accident. Clark's policy with Nationwide had a $50,000 limit of liability, which Nationwide paid in settlement to appellants. This amount was set off against CIC's underinsured motorist limit of $100,000, so CIC paid appellants an additional $50,000. Thus, the limits of coverage were exhausted with Clark, Nationwide, and CIC, and they were dismissed as parties to the action.
 {¶ 3} What remained were appellants' claims against GO and CORSA. Appellants claimed entitlement to uninsured/underinsured ("UM/UIM") coverage against these parties based upon the 1999 Ohio Supreme Court decisions in Scott-Pontzer v. Liberty Mut. Fire Ins. Co. (1999),85 Ohio St.3d 660, and Ezawa v. Yasuda Fire Marine Ins. Co. of Am. (1999), 86 Ohio St.3d 557.
 {¶ 4} Addressing separate summary judgment motions by the parties, on January 31, 2002, the trial court issued several decisions, only two of which are pertinent to this appeal. In its decision granting GO's motion for summary judgment and denying appellants' motion for summary judgment against GO, the court determined that GO's claim that the city of Ashland had waived UIM coverage was not well-taken because the elements of an effective waiver, as set forth in Linko v. Indemn. Ins. Co. of N. Am. (2000), 90 Ohio St.3d 445, were not present. Specifically, the court found no waiver because the waiver form did not state the premium amount and the coverage limits of the policy. The court then considered whether R.C. 2744.01 would apply to prohibit a political subdivision from insuring off-duty employees or their families, and concluded that R.C. 2744.01 addressed only the tort liability of the political subdivision and was not relevant to the commercial auto policy in question. Finally, following the rationale of Scott-Pontzer, the court found that the policy described an insured as "anyone," and because a political subdivision, like a corporation, cannot itself suffer bodily harm or other personal damages, Cynthia was an insured based upon her employment with the city of Ashland at the time of her husband's death. Nevertheless, the court concluded that Matthew was not an insured under the policy because, unlike the policy in Ezawa, the relevant policy language did not include coverage for family members. Thus, the court granted GO's motion for summary judgment and denied appellants' second motion for partial summary judgment.
 {¶ 5} The other pertinent summary judgment decision by the trial court addressed CORSA's motion for summary judgment, in which it argued that a joint self-insurance pool is not an insurance company and is not subject to the insurance laws of the state of Ohio, most particularly, the UM/UIM requirements set forth in R.C. 3937.18. The trial court granted CORSA's motion for summary judgment, finding that Scott-Pontzer did not apply to the CORSA contract, and CORSA was entitled to judgment as a matter of law. Appellants appeal the trial court's judgment, and GO has also raised what it purports to be a cross-assignment of error. Appellants assert the following three assignments of error:
 {¶ 6} "[I.] Failing to recognize that appellant Cynthia L. Ross, individually, not only qualified as an insured under the policy issued by appellee Great Oaks Insurance Company but also that she has the contractual right to advance an underinsured motorist coverage claim as a beneficiary of the wrongful death claims of her deceased husband's estate, the trial court erred by issuing summary judgment to appellee Great Oaks Insurance Company.
 {¶ 7} "[II.] Failing to recognize that Matthew A. Ross was an insured under the policy issued by appellee Great Oaks Insurance Company and that the contractual rights of Mr. Ross as an insured under the underinsured motorist coverage of the policy inured to Mr. Ross' estate, the trial court erred in granting the motion for summary judgment of appellee Great Oaks Insurance Company.
 {¶ 8} "[III.] Failing to appreciate that the language in `Insuring Agreements' issued by appellee CORSA so completely emulates a policy issued by an `insurance company,' and thereby failing to apply holdings and precedents that interpret application of such a contract to claims of an `assured' like Matthew A. Ross, the trial court erred in holding that Mr. Ross was not an assured under CORSA's subject Insuring Agreements and that his underinsured motorist coverage claim under CORSA's Insuring Agreements inures to his estate."
 {¶ 9} GO asserts the following cross-assignment of error:
 {¶ 10} "The trial court erred in failing to determine that any coverage provided under the Great Oaks policies is excess to other valid, collectible insurance including coverage provided by appellee CORSA."
 {¶ 11} Summary judgment will be granted where the movant demonstrates that there is no genuine issue of material fact, that the moving party is entitled to judgment as a matter of law, and that reasonable minds can only reach one conclusion, which is adverse to the nonmoving party. Harless v. Willis Day Warehousing Co. (1978),54 Ohio St.2d 64, 66. Once the moving party has satisfied its initial burden, the nonmoving party has a reciprocal burden of setting forth specific facts showing there is a genuine issue for trial. Dresher v. Burt (1996), 75 Ohio St.3d 280, 293.
 {¶ 12} Appellants argue in their first assignment of error the trial court erred in failing to find that Cynthia has a contractual right to advance a UIM claim as a beneficiary of the wrongful death claims of Matthew's estate. Appellants assert that the trial court failed to address whether Cynthia has a viable UIM claim against GO pursuant to Sexton v. State Farm Mutl. Automobile Ins. Co. (1982), 69 Ohio St.2d 431
("Sexton I"), and Moore v. State Auto. Mut. Ins. Co. (2000),88 Ohio St.3d 27.
 {¶ 13} We first note that GO has failed to separately respond to each of appellants' assignments of error. Instead, GO has merely copied its motion for summary judgment filed in the court below and relabeled it an appellate brief. App.R. 16(B) requires an appellee's brief to contain a separate argument with respect to each assignment of error presented by the appellant. Thus, we are left to construct GO's responses to appellants' assignments of error on our own. With regard to appellants' arguments pertaining to Sexton I and Moore, GO presents no counter argument and does not even include any citations to these cases in its brief.
 {¶ 14} The trial court found that because Matthew was not an insured under the GO policy, Cynthia could not recover. Cynthia claims that she has a viable separate, individual claim against GO for UIM coverage under Sexton I and Moore, regardless of whether Matthew was an insured under the policy. In Sexton I, the Ohio Supreme Court allowed an insured father, Sexton, to recover benefits related to his daughter's death under the uninsured motorist coverage of his automobile policy. Sexton's policy did not list his daughter as a covered person, nor did she live with Sexton. The Supreme Court said that R.C. 3937.18(A) did not specifically indicate who must suffer "bodily injury." Construing the statute liberally, the court allowed the father to recover for his pecuniary loss in paying for his daughter's funeral expenses. Id. at 432. In Sexton I, the court established a four-part test to determine whether a person falls within the coverage of the UM statute: (1) the claimant must be an insured; (2) the insured must be entitled to recover damages sustained because of injury or death caused by an uninsured motorist; (3) the damage must result from injury, sickness, disease or death; and (4) the tortfeasor must be the owner or operator of an uninsured motor vehicle. Id. at 434-435.
 {¶ 15} Although the General Assembly amended R.C. 3937.18 in 1994 by Am.Sub.S.B. No. 20 in response to Sexton I, the court in Moore found that R.C. 3937.18(A)(1) was ambiguous as to whether a provision in an insurance policy could limit coverage to accidents in which the named insured was the individual who suffered bodily injury, and concluded that the named insured need not suffer a bodily injury but could pursue an uninsured motorist claim, in Moore a wrongful death claim, in which she was legally entitled to recover damages.
 {¶ 16} However, we find that Cynthia cannot meet the first requirement of Sexton I that she was an insured under the GO policy. The trial court found Cynthia was an insured under the GO policy pursuant to Scott-Pontzer, construing the following language in the UIM coverage endorsement:
 {¶ 17} "B. Who Is An Insured
 {¶ 18} "1. If the Named Insured is designated in the Declarations as:
 {¶ 19} "* * *
 {¶ 20} "b. A partnership, limited liability company, corporation or any other form of organization, then the following are `insureds':
 {¶ 21} "(1) Anyone occupying a covered `auto' or a temporary substitute for a covered `auto.' The covered `auto' must be out of service because of its breakdown, repair, servicing, `loss' or destruction.
 {¶ 22} "(2) Anyone for damages he or she is entitled to recover because of `bodily injury' sustained by another `insured.' "
 {¶ 23} The trial court found that the "anyone" language in the above definition of who is an insured was similarly ambiguous as the "you" language used to define an insured in Scott-Pontzer. We disagree. In Price v. Ayers, Stark App. No. 2002CA00124, 2002-Ohio-5479, the Stark County Court of Appeals was confronted with circumstances very similar to the present case with identical policy language in a GO policy. In Price, a girl was injured while a passenger in a vehicle being driven by another person. The girl's mother was employed by George P. Frueh Company, Inc., which was insured by GO, and the daughter and her parents sought UIM coverage under the GO policy. The trial court found the daughter and her parents did not qualify as insureds under the policy. The court of appeals affirmed the trial court's decision. The appellate court found that the policy identified the named insured as "George P. Frueh Company, Inc.," a corporation, and, thus, section (B)(1)(b) was applicable. Because section (B)(1)(b)(1) provided coverage only for those occupying a "covered auto," and the vehicle the daughter was traveling in was not listed on the declarations page of the policy as a covered auto, the trial court concluded that neither the daughter nor her mother or father were insureds under the policy.
 {¶ 24} In the present case, the named insured is the city of Ashland, which qualifies as "any other form of organization," and, thus, (B)(1)(b) is applicable. The declarations page of the policy identifies the covered autos for UIM purposes as only those autos owned by the city of Ashland. The motorcycle Matthew was driving, his own, was not one of the covered autos listed. Therefore, because neither Cynthia nor Matthew was occupying a covered auto, neither was an insured under the UIM policy. See, also, Alexander v. Seward, Ross App. No. 02CA2658, 2002-Ohio-6348 (construing identical "who is an insured" language, the court found the definition was not ambiguous like the language in Scott-Pontzer, and an injured employee was not an insured under the employer's policy because she was not occupying a covered auto); Egelton v. United States Fire Ins. Co., Stark App. No. 2002CA00157, 2002-Ohio-6176 (construing identical "who is an insured" language, the court found an employee was not an insured under the employer's policy because the employee was not occupying a covered auto at the time of the accident). Because Cynthia is not an insured under the UIM policy, she cannot satisfy the first requirement of Sexton I and bring a claim based upon Sexton I and Moore. Therefore, appellants' first assignment of error is overruled.
 {¶ 25} Appellants argue in their second assignment of error that the trial court erred in failing to recognize that Matthew was an insured under the GO policy. We have already found that Cynthia is not an insured under the policy in appellants' first assignment of error. Thus, Matthew cannot be an insured pursuant to Ezawa, supra. See, also, Price, supra (construing identical "who is an insured" language, the court found that neither the daughter of an employee nor the employee or her husband were insureds under employer's policy because the daughter was not occupying a covered auto at the time of the accident). Therefore, appellants' second assignment of error is overruled.
 {¶ 26} Appellants argue in their third assignment of error the trial court should not have granted summary judgment in favor of CORSA because, although a joint self-insurance pool organized pursuant to R.C.2744.081 is not an insurance company and is not regulated by R.C. Chapter 39, the agreement emulates a standard insurance policy and should be governed by case law interpreting R.C. 3937.18, particularly Scott-Pontzer, as well as general contract principles. Consequently, appellants assert, because the allegedly ambiguous language contained in the present case is similar to the language in Scott-Pontzer, the reasoning in Scott-Pontzer applies to the present case. Under Scott-Pontzer, appellants maintain Matthew was an insured under the CORSA contract.
 {¶ 27} In support of their argument that Scott-Pontzer should apply, appellants direct us to Headley v. Ohio Govt. Risk Mgt. Plan (1999), 86 Ohio St.3d 64. In Headley, a township clerk was injured in a car accident. The injured employee was not in the course of his employment with the township at the time of the accident and was not operating a motor vehicle owned by the township. The township had an insurance policy that included UIM coverage with Ohio Government Risk Management Plan ("OGRMP"), a joint self-insurance pool. The clerk brought a claim for UIM coverage under the OGRMP policy. The trial court found that the township clerk was an insured under the policy because it ambiguously referred to the named insured as "you." Although the court of appeals reversed the trial court, the Ohio Supreme Court reversed the appellate court and reinstated the trial court's decision in a one-line decision based upon Scott-Pontzer.
 {¶ 28} In the present case, CORSA counters that because it is a joint self-insurance pool, R.C. 2744.081 precludes the application of R.C. 3937.18 and any case law interpreting UIM coverage, including Scott-Pontzer. R.C. 2744.081(E)(2) provides, "A joint self-insurance pool is not an insurance company. Its operation does not constitute doing an insurance business and is not subject to the insurance laws of this state." Thus, CORSA contends, because it is not subject to the insurance laws of Ohio, it is not subject to Scott-Pontzer.
 {¶ 29} However, we find that even if the "who is an assured" language in the CORSA agreement is subject to the "who is an insured" interpretation in Scott-Pontzer, Matthew was not an assured under the CORSA agreement. The UIM coverage in the CORSA policy provides under the "who is an insured" provision:
 {¶ 30} "The following persons are Assureds for Uninsured/Underinsured Motorist Coverage:
 {¶ 31} "1. Any person while occupying an Automobile owned by the Named Assured.
 {¶ 32} "2. Any person while occupying an Automobile hired by the Named Assured or an Automobile not owned by the Named Assured while such automobile is being used in furtherance of the operations of the Named Assured, except a volunteer and except an independent contractor to whom the Named Assured has paid a fee for the use of such Automobile and any agent or employee of such independent contractor.
 {¶ 33} "3. Any employee of the Named Assured while within the course and scope of his or her employment.
 {¶ 34} "4. Any other person for such damages as he or she is legally entitled to recover because of Bodily Injury sustained by a person assured under (1), (2) or (3) above."
 {¶ 35} The language found to be ambiguous in Scott-Pontzer was:
 {¶ 36} "B. Who is An Insured
 {¶ 37} "1. You.
 {¶ 38} "2. If you are an individual, any family member.
 {¶ 39} "3. Anyone else occupying a covered auto or a temporary substitute for a covered auto. The covered auto must be out of service because of its breakdown, repair, servicing, loss or destruction.
 {¶ 40} "4. Anyone for damages he or she is entitled to recover because of bodily injury sustained by another insured." Id. at 663.
 {¶ 41} The Ohio Supreme Court found ambiguity in the policy language that defined the insured as "you" referring to the corporate entity. Id. at 664. The court reasoned that UIM insurance coverage must be interpreted with regard to persons. Id. Thus, it concluded " `you,' while referring to [the corporation], also includes [the corporation's] employees, since a corporation can act only by and through real live persons. It would be nonsensical to limit protection solely to the corporate entity, since a corporation, itself, cannot occupy an automobile, suffer bodily injury or death, or operate a motor vehicle." Id. Thus, the court concluded that the policy extended UIM coverage to the corporation's employees.
 {¶ 42} However, the CORSA agreement language is very different than that in Scott-Pontzer. The basis of Scott-Pontzer in determining whether Mr. Pontzer was an insured is ambiguity. If an insurance company poorly drafts an insurance contract giving rise to multiple interpretations, the interpretation that most favors the insured should be applied. In the UM/UIM motorist coverage endorsement of the CORSA policy, (B)(1) defines an assured as any person while occupying an automobile owned by the named assured. The named assured is CORSA and any member of the joint self-insurance pool, including Ashland County, Matthew's employer. Unlike the ambiguity in Scott-Pontzer, where insuring only the corporation would be meaningless, a corporate or governmental entity, such as Ashland County, can hold lawful title to motor vehicles. See Wright v. Small, Seneca App. No. 13-02-34, 2003-Ohio-971. Thus, there was no ambiguity within the "who is an assured" provision in the CORSA policy regarding who was covered. Matthew was driving his own vehicle at the time of the accident. Matthew cannot qualify as an assured under subsection (1) because he was not occupying an automobile owned by Ashland County. He cannot qualify as an assured under subsection (2) because he was not occupying an automobile hired by Ashland County or an automobile not owned by Ashland County while such automobile was being used in furtherance of the operations of Ashland County. Matthew also cannot qualify as an assured under subsection (3) because, although he was an employee of Ashland County, he was not within the course and scope of his employment while operating his motorcycle. Finally, Matthew cannot qualify as an assured under subsection (4) because he cannot claim legal entitlement to any recovery based upon bodily injury sustained by any person assured under (1), (2), or (3). Therefore, we conclude that, even if the analysis in Scott-Pontzer can be applied to CORSA's assurance agreement in the present case, the "who is an assured" language in the present case is not ambiguous like the "who is an insured" language in Scott-Pontzer. For these reasons, Matthew did not qualify as an assured under the CORSA agreement. Appellants' third assignment of error is overruled.
 {¶ 43} GO asserts in its cross-assignment of error the trial court erred in failing to determine that any coverage provided under the GO policies is in excess to other valid, collectible insurance, including coverage provided by CORSA. However, even assuming, arguendo, that GO has properly raised this argument, because we have found appellants may not recover under the GO policy, this assignment of error is moot.
 {¶ 44} Accordingly, all three of appellants' assignments of error are overruled, and GO's cross-assignment of error is rendered moot. The judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
LAZARUS, J., concurs. KLATT, J., concurring.