SEXTON, APPELLEE, *v.* STATE FARM MUTUAL
AUTOMOBILE INSURANCE COMPANY, APPELLANT.

[Cite as Sexton v. State Farm Mutl. Automobile Ins. Co.
(1982), 69 Ohio St. 2d 431.]

(No. 81-1092—Decided February 24, 1982.)

*Scanlon & Gearinger Co., L.P.A.*, and *Mr. Timothy F. Scanlon,* for appellee.

·Buckingham, Doolittle & Burroughs Co., L.P.A., Mr. Charles E. Pierson and Mr. Mark D. Frasure, for appellant.

CELEBREZZE, C. J. The issue presented for our determination is whether the limitations in the uninsured motorist coverage in this policy are valid under R. C. 3937.18. The effect of the policy provisions set forth above is to limit coverage to recovery for bodily injury or death sustained by an insured as defined in the policy.

State Farm contends that its policy limitations are valid and that Sexton can not recover because he was not personally injured and his daughter, who sustained the bodily injury, did not reside with him. According to the policy definitions, an insured was not injured and, thus, no coverage is provided.[1]

To be valid, the policy limitations must not be contrary to the uninsured motorist coverage mandated by R. C. 3937.18(A).[2] The statute provides in relevant part:

"(A) No automobile liability or motor vehicle liability policy of insurance insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance, or use of a motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless an equivalent amount of coverage for bodily injury or death is provided therein or supplemental thereto under provisions approved by the superintendent of insurance, for the protection of persons insured thereunder who are legally entitled to recover damages

---

[1] State Farm admits that Sexton qualifies as an insured under its definition (1). Under the terms of the policy, he could not recover because he did not sustain bodily injury. Laurie sustained bodily injury but was not an insured under definition (1) because she was not a resident in Sexton's household. State Farm contends that definition (3) provides for the recovery of derivative or consequential damages to others, but only if the bodily injury was actually sustained by an insured. Because Laurie was not insured and could not recover herself, State Farm contends that this provision prevents Sexton from claiming consequential damages.

[2] State Farm maintains that the policy provision is widely used in the industry and contains reasonably specific language. However, State Farm's brief quoted three authorities in an attempt to explain the intricacies of the meaning of definition (3). To be valid, a contractual restriction on coverage must be conspicuous, written in terminology easily understood by a lay person and the customer must have agreed to the restriction on coverage. Ady v. West American Ins. Co. (1982), 69 Ohio St. 2d 593.

from owners or operators of uninsured motor vehicles because of bodily injury, sickness, or disease, including death, resulting therefrom. The named insured shall have the right to reject such uninsured motorist coverage, or may require the issuance of coverage for bodily injury or death in accordance with a schedule of optional lesser amounts approved by the superintendent, that shall be no less than the limits set forth in section 4509.20 of the Revised Code for bodily injury or death. Unless the named insured requests such coverage in writing, such coverage need not be provided in or supplemental to a renewal policy where the named insured has rejected the coverage in connection with a policy previously issued to him by the same insurer."

The critical language for this case is that the coverage is "for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness, or disease, including death resulting therefrom." Thus, according to the statute, the question is whether the insured is legally entitled to recover damages sustained because of injury or death caused by an uninsured motorist.

To come within the meaning of the statute, the first requirement is that there be an insured. Sexton meets this qualification, for he was the owner of the policy and the named insured.

Secondly, the statute requires that the insured be entitled to recover damages sustained because of injury or death caused by an uninsured motorist. State Farm contends that this merely requires coverage in situations in which the damages are the result of injury or death of an insured. Because Sexton's daughter sustained the injuries and she was not an insured or resident of his household, as required by the policy, State Farm maintains that Sexton is not entitled to recover damages.

Although the statute does not indicate who must have sustained the bodily injury, it does not specify that it be the insured. Because the statute should be construed liberally, *Curran* v. *State Automobile Mutl. Ins. Co.* (1971), 25 Ohio St. 2d 33, 38, we will not add that limitation. The pertinent language of the statute requires that the insured be legally en-

titled to recover damages because of bodily injury. Therefore, the question here is whether the insured himself is entitled to recover damages.[3]

Sexton's daughter died as a result of an uninsured motorist's negligence. Sexton was financially responsible for her and paid approximately $2,300 in expenses relating to her injuries and death. Sexton would have had a cause of action against the negligent driver if the tortfeasor had been insured. R. C. Chapter 2125, wrongful death, provides a cause of action for recovery of damages when death is caused by, *inter alia,* neglect.[4] In a wrongful death action, the damages recoverable are intended to compensate for the pecuniary injury resulting from the death and reasonable funeral expenses.[5] Thus, under the wrongful death statutes, Sexton would have a cause of action for recovery of his pecuniary damages against the negligent motorist. This satisfies the requirement of R. C. 3937.18 that he be legally entitled to recover damages.

The third statutory requirement is that damages result from injury, sickness, disease or death. As stated above, the damages resulted from the injury and death. Lastly, the tortfeasor must be the owner or operator of an uninsured motor vehicle. In this case, the parties agreed that the negligent driver was uninsured.

Therefore, the facts presented in this case meet the requirements set forth in R. C. 3937.18(A). We conclude that Sexton is entitled to recover damages under his uninsured motorist coverage. His policy committed State Farm to "pay all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle *because of bodily injury sustained by the insured.*" (Emphasis added.) Notwithstanding the limitation on the insured being injured, Sexton qualifies for coverage.

Statutory mandates must be complied with by insurers.

---

[3] Sexton's financial loss can be termed direct damages. Pursuant to R. C. 3937.18, the insured's right to recover loss depends on his legal right to recover the damages. It is independent of the injured person's status as a resident relative or the injured person's own right to coverage under the policy.

[4] R. C. 2125.01.

[5] R. C. 2125.02, as in effect November 21, 1969.

The restrictions in this policy, which permit an insurer to avoid providing uninsured motorist coverage, thwart the legislative intent. Therefore, the restrictions are contrary to R. C. 3937.18 and void.

Although the statute clearly provides for a recovery of damages, we realize that language in some prior cases may suggest that its purpose is to protect the injured person. For example, in *Abate* v. *Pioneer Mutual Cas. Co.* (1970), 22 Ohio St. 2d 161, we indicated, in paragraph one of the syllabus, that the purpose of the statute was to protect the insured from losses, yet on page 165, we stated that the purpose was to protect the person injured. In *Bartlett* v. *Nationwide Mutl. Ins. Co.* (1973), 33 Ohio St. 2d 50, 52, we stated that:

" * * * [T]he legislative purpose in creating compulsory uninsured motorist coverage was to place the injured policyholder in the same position with regard to the recovery of damages, that he would have been in if the tortfeasor had possessed liability insurance."

This statement was repeated in *Shearer* v. *Motorists Mutl. Ins. Co.* (1979), 53 Ohio St. 2d 1, 7.

Thus, we have previously concluded that the purpose of the statute is to protect the insured from losses and provide for recovery of damages, which is consistent with our interpretation of the statute in the instant case. Other statements concerning the injured are not determinative because in the previous cases the insured and the injured were the same person. None of these cases considered the circumstances at issue—whether uninsured motorist coverage permits recovery when an insured's damages result from injuries or death of another person.

However, this issue was decided in Ohio[6] by the Court of Appeals for Summit County in *Motorists Mutl. Ins. Co.* v.

___

[6] A review of cases reveals a lack of decisions on these facts and this issue by the highest courts of other jurisdictions. However, a similar question was decided in *State Farm Mutl. Automobile Ins. Co.* v. *Selders* (1971), 187 Neb. 342, 190 N.W. 2d 789. The court construed a statute which requires uninsured motorist insurance "for the protection of persons insured thereunder who are legally entitled to recover damages." It held that the divorced father could recover damages for the death of his children who resided with their mother despite contrary limitations in the policy. The statutory mandate and the policy limitations therein are similar to those at issue in the instant case.

*Speck* (1977), 59 Ohio App. 2d 224, which held that the father of an unemancipated minor child is legally entitled to recover on his uninsured motorist coverage for the wrongful death of that minor child even if such child at the time of the injury and death was not a member of the father's household. Although the child was not a resident of his household, the father had custody and was liable for the funeral expenses. Similarly, Sexton was legally obligated for his daughter's financial support.

R. C. 3937.18(A) protects insureds who are legally entitled to recover damages related to injury or death caused by an uninsured motorist. Sexton meets the statutory requirements and qualifies for uninsured motorist coverage for a financial loss related to his daughter's injuries and death. We hold that the State Farm policy restrictions are void because they attempt to limit recovery contrary to R. C. 3937.18.

Accordingly, the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

W. BROWN, SWEENEY and C. BROWN, JJ., concur.

LOCHER, HOLMES and KRUPANSKY, JJ., dissent.

HOLMES, J., dissenting. A policy of insurance is essentially a contract between the insurance carrier and its insured. The terms of such policy which form the body of the contract should be supported by the courts if such terms are clear and unambiguous, are lawful, and are not contrary to public policy. I find the terms of this policy to meet all of these criteria.

An "insured" is defined in the instant policy as:

"(1) the first person named in the declarations and while residents of his household, his spouse and the relatives of either;

"(2) any other person while occupying an insured motor vehicle; and

"(3) any person, with respect to damages he is entitled to recover because of bodily injury to which this coverage applies sustained by an insured under (1) or (2) above."

Under the terms of this policy, Laurie Sexton, appellee's minor daughter, could not herself have recovered any

damages for her injury because she was not an "insured"; she did not reside in appellee's household nor was she occupying her father's insured vehicle at the time of the accident.

Second, the daughter could not recover under definition (2) as an "insured" in that she was not occupying an insured motor vehicle at the time of the accident.

Third, the father may not recover in a derivative action on the insurance policy in reliance upon definition (3) of "insured" because bodily injury had not been sustained by an "insured" under definitions (1) or (2).

The Court of Appeals erroneously held that despite the clear wording of this policy the uninsured motorist statute, R. C. 3937.18, required the company to cover this derivative claim of the father.

The risk area intended to be covered by the policy is the family unit living in the same household. To judicially extend that coverage to include members of the family who are residing in places far distant from the named insured policyholder is broadening the contract of insurance beyond the intent of the parties and, in so doing, enlarging the umbrella of coverage without the attendant consideration by way of a premium paid for such added area of risk.

I would find that such a limitation of coverage in an uninsured motorist provision of the insurance policy is not unreasonable and not against public policy. Accordingly, I would reverse the Court of Appeals.

LOCHER and KRUPANSKY, JJ., concur in the foregoing dissenting opinion.