Plaintiffs-appellants, James Spoerndle, Sr. and James Spoerndle, Jr., appeal the declaratory judgment in favor of defendant-appellee, Nationwide Mutual Insurance Company, by the Summit County Court of Common Pleas on a claim for payment under an underinsured motorist policy. We affirm.
On December 1, 1995, Scott Spoerndle was involved in a motorcycle accident caused by the negligence of Jack Werner ("the tortfeasor"). Spoerndle ("the Decedent") died as a result of his injuries. His survivors included his father, James Spoerndle, Sr., and brother, James Spoerndle, Jr., appellants herein ("the appellants"). The Decedent did not live with either his brother or father at the time of the accident. The Decedent's father held a Nationwide automobile insurance policy with uninsured/underinsured motorists ("UM/UIM") benefits of $100,000 per person and $300,000 per occurrence. Amy Spoerndle, the wife of James Spoerndle, Jr., held a Nationwide policy with identical coverage. James Spoerndle, Jr., was an additional named insured on this policy. The tortfeasor also held an insurance policy with the same limits. The appellants filed underinsured motorist claims under their respective Nationwide policies. Nationwide denied both claims under a policy exclusion.
On December 2, 1997, the appellants brought an action for declaratory judgment and damages against Nationwide. They argued that (1) the tortfeasor was "underinsured" within the meaning of their Nationwide policies; (2) they had been injured as a result of the Decedent's death; (3) they were uncompensated because the tortfeasor was underinsured; and (4) they were entitled to payment under the UIM provisions of their Nationwide policies. The parties stipulated to the underlying facts and agreed that the court would decide the merits of the claims on briefs submitted by the parties. On August 28, 1998, the court ruled that neither of the appellants was entitled to payment under their UIM coverage.
The appellants timely appealed. They have raised one assignment of error for review.
ASSIGNMENT OF ERROR
 The trial court erred, as a matter of law, by determining that [Nationwide's] uninsured motorists coverage provisions were enforceable, thereby entitling this insurer to judgment under the undisputed facts.
In their assignment of error, the appellants have argued that the trial court erred in determining that Nationwide could exclude derivative claims of injury from coverage under its UIM policy. Specifically, the appellants have argued that this appeal is governed by the holding of Sexton v. State Farm Mutual AutomobileIns. Co. (1982), 69 Ohio St.2d 431. For the reasons that follow, we disagree.
In Ohio, the rights and duties of parties in an underinsured motorist claim are governed by the statutory law in effect on the date the parties entered into their contract for insurance. Rossv. Farmers Ins. Group of Cos. (1998), 82 Ohio St.3d 281, syllabus. Underinsured motorist insurance is regulated by R.C.3937.18(A)(2). As an initial matter, therefore, it is necessary to determine what version of this statute was in effect at the time the parties entered into their contracts.
When parties have entered into an initial contract for insurance and have subsequently renewed that policy, "statutes pertaining to [the policy] and its coverage, which are enacted after the policy's issuance, are incorporated into any renewal of such policy if the renewal represents a new contract of insurance separate from the initial policy." Ross v. Farmers Ins. Group ofCos., 82 Ohio St.3d at 288-89, quoting Benson v. Rosler (1985),19 Ohio St.3d 41, 44.
In Benson, the Supreme Court of Ohio considered an automobile insurance policy that was issued for an original duration of six months with the insurance company holding the option to renew for subsequent terms to the extent permitted by R.C. 3937.31.[1]
The Court noted that the policy in question set a specific expiration date and time; that the option to renew was to be exercised by the company by sending a bill for the renewal premium; and that renewal was contingent on the insured paying the premium in advance of the renewal date. Benson v. Rosler
(1985), 19 Ohio St.3d 41, 44. The Court concluded that the two-year guarantee of R.C. 3937.31(A) notwithstanding, "such policies, when written for specific periods, may be considered term policies rather than continuing policies." Id.
The policies in effect at the time of the decedent's death were effective as of July 10 and July 24, 1995, respectively. It is not possible to determine from the record when the appellants initially entered into their contract of insurance with the appellee. The policies were written for policy periods of six months and provide that Nationwide "will renew" coverage subject to payment of premiums upon notice of renewal. The policy also provides that "at the end of each 24-month period after the first effective date of the policy, [Nationwide] will have the right to refuse to renew the * * * Uninsured Motorists coverage." Consequently, these policies would most appropriately be considered to be term policies whether their effective dates constituted renewals within the initial twenty-four month policy period, see Benson v. Rosler, 19 Ohio St.3d at 44, or subsequent renewals, see Holcomb v. State Farm Ins. Co. (Dec. 24, 1998), Franklin App. No. 98AP-353, unreported, 1998 Ohio App. LEXIS 6260, at *8. Accordingly, the policies may be considered new policies of insurance for the purpose of determining the governing law, and the law in effect in July 1995 applies. See Ross v. Farmers Ins.Group of Cos., 82 Ohio St.3d at 288-89.
 II.
In Sexton v. State Farm Mutual Automobile Ins. Co. (1982),69 Ohio St.2d 431, the Supreme Court of Ohio addressed a factual situation analogous to this case. In Sexton, the surviving father of a seventeen-year-old killed in an automobile accident caused by an uninsured motorist filed a claim with his own insurance company for payment under his UIM coverage. The daughter was not an insured under the policy and was not driving a car covered by the policy at the time of the accident. She did not live with her father, but he provided for her financially and had paid a portion of her funeral expenses. The insurer denied the claim because the father, who was an insured for the purposes of the policy, had not been personally injured and because the daughter was not a family member covered under the policy.
The Court concluded that the father could recover under his own UM insurance regardless of policy provisions to the contrary.Id. at 435. At that time, R.C. 3937.18 provided:
 No automobile liability or motor vehicle liability policy of insurance insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance, or use of a motor vehicle shall be delivered or issued for delivery in this state * * * unless an equivalent amount of coverage for bodily injury or death is provided therein * * * for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness, or disease, including death, resulting therefrom. [2]
(Emphasis added.) The Court noted, as an initial matter, that the validity of the uninsured motorists policy provisions at issue hinged on whether those provisions were consistent with the language of R.C. 3937.18(A). Sexton, 69 Ohio St.2d at 433. Based on the language of the statute, the Court stated that the foundation of the statutory coverage requirement was the protection of "persons insured [under a policy of insurance] who are legally entitled to recover damages * * * because of bodily injury, sickness, or disease, including death," resulting from acts by an uninsured motorist. R.C. 3937.18(A); Sexton, 69 Ohio St. 2
d at 434. The Court held that the purpose of R.C. 3937.18(A) was (1) to protect insureds (2) who are legally entitled to recover damages (3) related to an injury or death (4) caused by an uninsured motorist. Sexton, 69 Ohio St.2d at 437.
In applying this conclusion to the facts in that case, the Court concluded that the father was clearly an "insured" for the purposes of his own policy. Id. at 434. The Court then considered whether he was entitled to recover damages resulting from an injury caused by an uninsured motorist. In considering whether the statute permitted recovery only where damages were the result of bodily injury or death to the insured, the Court concluded:
 Although the statute does not indicate who must have sustained the bodily injury, it does not specify that it be the insured. Because the statute should be construed liberally, * * * we will not add that limitation. The pertinent language of the statute requires that the insured be legally entitled to recover damages because of bodily injury.
(Emphasis added.) (Citations omitted.) Id. at 434-35. The Court concluded that the father was legally entitled to recover for the uninsured motorist's negligence in a wrongful death action and that this claim was sufficient to legally entitle him to payment under his uninsured motorists coverage. Id. at 435.
The policy provisions at issue restricted uninsured motorists coverage to damages that the insured was legally entitled to recover as a result of bodily injury to the insured. The Court held that this policy was an attempt to contractually circumvent the intention of the legislature and, therefore, declared these provisions void. Id. at 436. The syllabus of the case emphasized that the father was entitled to recover even though the daughter was not an insured person according to the terms of the policy.Id. at paragraph two of the syllabus.
Although the facts in this case are similar to those at issue in Sexton, subsequent amendments to the statute require a different result. R.C. 3937.18(A), as applied in Sexton, provided:
 No automobile liability or motor vehicle liability policy of insurance insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance, or use of a motor vehicle shall be delivered or issued for delivery in this state * * * unless an equivalent amount of coverage for bodily injury or death is provided therein * * * for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness, or disease, including death, resulting therefrom.
In contrast, R.C. 3937.18(A)(2), as amended effective October 20, 1994, provides:
 Underinsured motorist coverage * * * shall provide protection for an insured against loss for bodily injury, sickness, or disease, including death, suffered by any person insured under the policy[.]
(Emphasis added.) By specifying that the "loss * * * suffered by any person insured" for which underinsured motorist coverage is required is "for bodily injury, sickness, or disease, including death," the legislature limited the scope of the statute. Thus, while the statute interpreted by the Court in Sexton did not specify who must suffer bodily injury, the amended statute clarifies this omission.
Because the prior version of the statute did not specify that bodily injury must be suffered by an insured, the Court reasoned that bodily injury to a person who was not an insured could, nonetheless, result in a valid tort claim by an insured subject to uninsured motorists coverage. R.C. 3937.18(A)(2), as amended, specifies that the loss suffered by the insured must be for "bodily injury, disease, or sickness, including death, suffered by any person insured." As a consequence, the statute is not susceptible to the Court's interpretation in Sexton. Specifically, the amended statute does not require coverage for damages based on any tort claim that is legally cognizable, but limits those claims required to be covered by underinsured motorist coverage to claims for physical injury or death suffered by an insured.
The appellants are "insureds" within the meanings of their respective policies. The UM/UIM coverage agreement provides that Nationwide "will pay compensatory damages, including derivative claims, which are due by law to you or a relative from the owner or driver of an uninsured motor vehicle because of bodily injury suffered by you or a relative." A relative is defined as "one who regularly lives in your household, related to you by blood, marriage or adoption[.]" The parties have stipulated that the decedent did not live with either his father or his brother.
R.C. 3937.18(A)(2) requires Nationwide to provide coverage for losses resulting from bodily injury, sickness, or disease, including death, suffered by the appellants as insureds. The policy exclusion at issue is consistent with the statutory requirements and does not impermissibly limit the appellants' UIM coverage. See King v. Western Reserve Mut. Cas. Co. (Mar. 15, 1999), Monroe App. Nos. 805, 806, and 807, unreported, 1999 Ohio App. LEXIS 984, at *9-11; Spence v. Westfield Nat'l. Ins. Co.
(Sept. 2, 1998), Monroe App. No. 797, unreported, 1998 Ohio App. LEXIS 4119, at *10-16, dismissed, 84 Ohio St.3d 1470; Wilson v.Nationwide Ins. Co. (Nov. 20, 1997), Cuyahoga App. No. 71734, unreported, 1997 Ohio App. LEXIS 5197, at *11-19. Because the trial court did not err in determining that Nationwide properly denied coverage under a valid policy provision, the appellants' assignment of error is overruled.
The appellants' assignment of error is overruled, and the judgment of the trial court is affirmed.
Judgment affirmed.
 KK The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellants.
Exceptions.
 ___________________________ LYNN C. SLABY
FOR THE COURT
BAIRD, P. J.
CARR, J.
CONCUR
[1] Pursuant to R.C. 3937.31, policies for automobile insurance must be "issued for a policy period of not less than two years or guaranteed renewable for successive policy periods totaling not less than two years." A cancellation, therefore, includes a refusal to renew a policy during this period with at least the same level of coverage provided during the previous term. Id. Cancellations of a policy during this two-year period may only be made pursuant to R.C. 3937.30 et seq. and must be consistent with the applicable policy provisions. R.C. 3937.31(A).
[2] Underinsured motorists coverage, at issue in this appeal, was not required by statute until R.C. 3937.18(A) was amended in 1982.