{¶ 1} Cynthia L. Ross, individually and in her fiduciary capacity as beneficiary to the estate of her deceased husband, Matthew A. Ross; Robert R. Ross, a minor; and Samantha J. Ross, a minor, plaintiffs-appellants, have filed an application for reconsideration of this court's May 22, 2003 decision. In the portion of our decision pertinent to this application, we overruled appellants' two assignments of error and affirmed the judgment of the Franklin County Court of Common Pleas that determined Cynthia and Matthew were not entitled to coverage under an automobile insurance policy issued to Cynthia's employer, the city of Ashland, Ohio ("Ashland"), by Great Oaks Insurance Company ("GO"), defendant-appellee. The test to be applied in ruling on an application for reconsideration in the court of appeals is whether the motion calls to the attention of the court an obvious error in its decision or raises an issue for consideration that was either not considered at all or was not fully considered by the court when it should have been. State v. Rowe (1993), 92 Ohio App.3d 652, 677.
 {¶ 2} The only insurance policy pertinent to this application for reconsideration is the policy issued to Ashland by GO. In its decision granting GO's motion for summary judgment, the trial court determined, in pertinent part: (1) Ashland's purported waiver of uninsured/underinsured ("UM/UIM") coverage was ineffectual because the elements of an effective waiver, as set forth in Linko v. Indemn. Ins. Co. of N. Am. (2000),90 Ohio St.3d 445, were not present; (2) because the policy's definition of insureds as "anyone" was ambiguous based upon Scott-Pontzer v. Liberty Mut. Fire Ins. Co. (1999), 85 Ohio St.3d 660, Cynthia was an insured under Ashland's GO policy; and (3) Matthew was not an insured under the Ashland policy because, unlike the policy in Ezawa v. Yasuda Fire 
Marine Ins. Co. of Am. (1999), 86 Ohio St.3d 557, the relevant policy language did not include coverage for family members.
 {¶ 3} Upon appeal, appellants argued the trial court failed to address Cynthia's claim under Sexton v. State Farm Mutl. Automobile Ins. Co. (1982), 69 Ohio St.2d 431 ("Sexton I") and Moore v. State Auto. Mut. Ins. Co. (2000), 88 Ohio St.3d 27, and erred in failing to find Matthew was an insured. However, we concluded that Cynthia could not meet the first requirement of Sexton I that she was an insured under the GO policy. We found that because the "who is an insured" definition in the UM/UIM endorsement provided coverage only for those occupying a "covered auto," and the motorcycle in which Matthew was traveling was not listed on the declarations page of the policy as a covered auto, neither Cynthia nor Matthew were insureds under the policy.
 {¶ 4} In their application for reconsideration, appellants claim that two recent cases from this court decided shortly before the present case provide binding precedent: Flournoy v. Valley Forge Ins. Co., Franklin App. No. 02AP-1008, 2003-Ohio-2196, and Riggs v. Motorists Mut. Ins. Co., Franklin App. No. 02AP-876, 2003-Ohio-1657.
 {¶ 5} Although appellants summarize this court's decision in Riggs, their specific argument as to the applicability of Riggs to the present case is vague. In Riggs, although the declarations page provided $1,000,000 for both liability coverage and UM/UIM coverage, the appellant argued there had been no valid waiver of UM/UIM coverage in an amount equal to liability coverage as required by former R.C. 3937.18. The appellant argued that because the declarations page indicated that liability coverage of $1,000,000 per accident was available for "any auto" and that UM/UIM coverage of $1,000,000 per accident was available for "owned autos only," the limits of coverage were not the same. We agreed, finding that the application of UM/UIM coverage to "owned autos only" was not equal to the "any auto" coverage for liability purposes, and, therefore, the insurer must demonstrate a valid offer and rejection of UM/UIM coverage under Linko. We concluded that if an insurer fails to so demonstrate, UM/UIM coverage arises by operation of law.
 {¶ 6} We first note that appellants' only theory presented to the trial court was that the reduction of UM/UIM coverage to $25,000 from the $1,000,000 liability coverage was invalid because the waiver did not comply with Linko. Further, on appeal, appellants' assignments of error related only to whether Cynthia and Matthew were insureds under the policy, and did not relate to the ineffective waiver pursuant to Linko due to a favorable ruling on this issue by the trial court. Therefore, this court had no opportunity or reason to address the theory advanced in Riggs as it applied to the present case.
 {¶ 7} Although in their original appeal appellants did not raise any assignment of error relating to the invalid waiver pursuant to Linko or assert the legal theory propounded in Riggs, because the present case has the same policy provisions as in Riggs, we will apply its mandates to the present case. In the present case, as in Riggs, the covered autos for liability coverage are defined as "any auto," while the covered autos for UM/UIM coverage are defined as "owned autos only." Therefore, according to Riggs, where these limits of coverage are not the same, the insurer must demonstrate a valid offer and rejection in accordance with Linko. The trial court's finding that GO failed to demonstrate a valid reduction of UM/UIM coverage pursuant to Linko was not contested on appeal. Thus, it is clear that UM/UIM coverage would arise by operation of law in the present case pursuant to Riggs.
 {¶ 8} However, the import of Riggs to the present case is the way in which it affects our determination of who is an insured. In finding Cynthia and Matthew were not insureds in our original decision, we relied upon the term "covered auto" found in the definition of "who is an insured" in the UM/UIM endorsement. Covered autos, for purposes of UM/UIM coverage, were delineated in the declarations as "owned autos only," which were, in turn, defined as "only those autos you own." Because we found "you" meant Ashland, and Matthew owned the motorcycle he was operating, we found neither Cynthia nor Matthew was occupying a covered auto. Because they were not occupying a covered auto, we found they were not insureds.
 {¶ 9} Applying Riggs to the present case, the scope of "covered autos" for UM/UIM purposes must be equal to the scope of "covered autos" for liability purposes. Thus, because covered autos for liability coverage are defined as "any autos," the covered autos for UM/UIM purposes must also be defined as "any autos." As this new definition of "covered auto" may affect the determination of who is an insured for purposes of UM/UIM, this issue must be reexamined. Because the parties to this case have never briefed this issue, we remand the matter for a redetermination of whether Cynthia and Matthew qualify as insureds in light of Riggs.
 {¶ 10} In addition, as the case must be remanded to determine who is an insured, we note that there is at least some disagreement as to whether a court must look to the language of the business auto liability policy or the existing UM/UIM endorsement to determine who is an insured when UM/UIM coverage arises by operation of law. This court has recently implied that when there has been an invalid reduction of UM/UIM coverage, and UM/UIM coverage applies by operation of law, the court should use the definition of "who is an insured" found in the existing UM/UIM endorsement. See Flournoy, supra, at ¶ 14. However, other courts have looked to the language of the business auto liability policy to determine who is an insured when it is determined that the UM/UIM coverage arises by operation of law. See Morrison v. Emerson, Stark App. No. 2002 CA 00414, 2003-Ohio-2708, at ¶ 25; Szekeres v. State Farm Fire Cas. Co., Licking App. No. 02CA00004, 2002-Ohio-5989; Walton v. Continental Cas. Co., Holmes App. No. 02CA002, 2002-Ohio-3831.
 {¶ 11} In the present case, the trial court and both parties used the definition of "who is an insured" contained in the UM/UIM endorsement. In our original decision, we also used the definition of "who is an insured" in the UM/UIM endorsement because neither party raised any error relating to this issue in the original appeal. Therefore, upon remand, the trial court may reexamine this issue.
 {¶ 12} Given our determination above that "covered auto" for purposes of UM/UIM coverage should be defined the same as "covered auto" for purposes of liability coverage, pursuant to Riggs, appellants' argument with regard to Flournoy is moot.
 {¶ 13} For the foregoing reasons, appellants' application for reconsideration is granted. That portion of our judgment in Ross v. Clark, Franklin App. No. 02AP-222, 2003-Ohio-2657 overruling appellants' first and second assignments of error is vacated. Therefore, appellants' first and second assignments of error are sustained, appellants' third assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed in part and reversed in part. This cause is remanded to that court for further proceedings in accordance with law and consistent with this decision.
Motion for reconsideration granted and cause remanded.
LAZARUS, J., concurs.
KLATT, J., dissents.