OPINION
{¶ 1} Plaintiffs-appellants Catherine G. Brown, as Administrator for the Estate of Doyle L. Brown and individually, and Kelly Brown (hereinafter the Browns) appeal from a summary judgment rendered against them in favor of Kelly Brown's employer's (Van Leer Holdings, Inc.) business automobile insurance carrier, Pacific Employers Insurance Company (PEIC), holding that although the Browns were insureds, the PEIC policy excluded uninsured and underinsured motorists coverage (UM/UIM), because Doyle Brown was not operating an automobile covered by the policy. The Browns contend that the trial court erred in rendering summary judgment in favor of PEIC, because UM/UIM coverage cannot be restricted to the use of any specific automobile pursuant to the Supreme Court of Ohio's decision in Martin v. Midwestern Group Ins. Co. (1994),70 Ohio St.3d 478, 1994-Ohio-407, 639 N.E.2d 438. The Browns further contend that their claims for UM/UIM coverage, pursuant to Sexton v.State Farm Mut. Auto Ins. Co. (1982), 69 Ohio St.2d 431, 433 N.E.2d 555, are not subject to the exclusions listed in the PEIC policy, because they were not occupying a vehicle.
 {¶ 2} PEIC argues that Doyle Brown is not an insured pursuant toScott-Pontzer v. Liberty Mut. Fire Ins. Co. (1999), 85 Ohio St.3d 660,1999-Ohio-292, 710 N.E.2d 1116, because he is not an employee of Van Leer, the named insured in the PEIC policy. PEIC further contends that Doyle does not qualify as a family member within the definition in the PEIC policy, because Doyle was not a resident of Kelly Brown's household. PEIC also argues that the Browns are not insureds, because theScott-Pontzer ambiguity of the meaning of the pronoun "you," in defining who is an insured, is not present in this case, since the PEIC policy contains a Drive Other Car Coverage-Broadened Coverage for Named Individuals in Endorsement #9, which lists individual names of those who are insureds entitled to UM/UIM coverage.
 {¶ 3} Pursuant to the Supreme Court of Ohio's recent decision inWestfield Ins. Co. v. Galatis, 100 Ohio St.3d 216, 2003-Ohio-5849, we conclude that UM/UIM coverage is not applicable here, because there is no loss sustained by an employee of the corporation while acting within the course and scope of employment. Because Doyle Brown's death was unrelated to Kelly Brown's employment with Van Leer, we conclude that the PEIC policy issued to Van Leer does not provide UM/UIM coverage.
 {¶ 4} Therefore, we conclude that the trial court erred when it decided that the Browns were insureds. That error is harmless, because the trial court properly rendered summary judgment in favor of PEIC, albeit for reasons different from those cited by the trial court. Because there is no loss sustained by an employee of the corporation while acting within the course and scope of employment, the summary judgment rendered in favor of PEIC is affirmed, under the authority of Westfield Ins. Co.v. Galatis, supra.
 I {¶ 5} On August 25, 2000, Doyle L. Brown was fatally injured in an accident in Indiana while driving a motorcycle he owned. The accident was the result of the negligence of Harold R. Johnston in operating an automobile. A settlement was reached with Johnston, and Johnston's insurer tendered policy limits to the Browns in the sum of $100,000.
 {¶ 6} At the time of the accident, Kelly Brown, son of Doyle and Catherine Brown, was residing with his parents and was employed by Van Leer Holdings, Inc., in Ohio. Van Leer was insured by Pacific Employers Insurance Company (PEIC) under a business automobile insurance policy with the effective dates of coverage being January 1, 2000 through January 1, 2001. The PEIC policy contained UM/UIM coverage with a liability limit of $1,000,000.
 {¶ 7} The Browns brought this action against PEIC seeking UM/UIM coverage. The Browns and PEIC both filed motions for summary judgment. The trial court granted PEIC's motion for summary judgment finding that although the Browns were insureds, the PEIC policy excluded UM/UIM coverage, because Doyle Brown was not operating an automobile covered by the policy. From the summary judgment rendered against them, the Browns appeal.
 II {¶ 8} The Brown's First and Second Assignments of Error are as follows:
 {¶ 9} "The trial court erred in finding that the subject policy validly restricted underinsured motorist coverage to certain `Covered Autos'; said finding being contrary to the holding of the ohio supreme court in Martin v. Midwestern Group Ins. Co. (1994), 70 Ohio St.3d 478.
 {¶ 10} "The trial court erred in finding that the subject Pacific Employers Insurance Company policy excluded underinsured motorist coverage for insureds as to Sexton claims."
 {¶ 11} Both assignments of error essentially contend that the trial court erred in rendering summary judgment in favor of PEIC, holding that although the Browns were insureds, the PEIC policy excluded UM/UIM coverage, because Doyle Brown was not operating an automobile covered by the policy. We review the appropriateness of summary judgment de novo and follow the standards set forth in Civ.R. 56. Koos v. Cent. OhioCellular, Inc. (1994), 94 Ohio App.3d 579, 588, 641 N.E.2d 265. "Pursuant to Civ.R. 56, summary judgment is appropriate when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor." Zivich v. Mentor Soccer Club, Inc., 82 Ohio St.3d 367,1998-Ohio-389, 696 N.E.2d 201, at ¶ 3 (citation omitted). Additionally, "`an appellate court can decide an issue on grounds different from those determined by the trial court, so long as the evidentiary basis upon which the appellate court relies was addressed before the trial court and is a matter of record.'" Grubb v. MichiganMut. Ins. Co., Montgomery App. No. 19575, 2003-Ohio-1558, at ¶ 13 (citation omitted).
 {¶ 12} The Browns contend that UM/UIM coverage cannot be restricted to the use of any specific automobile pursuant to the holding in Martin.
The Browns further contend that their Sexton claims for UM/UIM coverage are not subject to the exclusions listed in the PEIC policy, because Catherine and Kelly Brown were not occupying a vehicle.
 {¶ 13} The first issue is whether the Browns are insureds under the PEIC policy for purposes of UM/UIM coverage. PEIC argues that Doyle Brown is not an insured pursuant to Scott-Pontzer, because he is not an employee of Van Leer, the named insured in the PEIC policy. PEIC further contends that Doyle does not qualify as a family member, as defined in the PEIC policy, because Doyle was not a resident of Kelly's household. PEIC also argues that the Browns are not insureds, because theScott-Pontzer ambiguity of the meaning of the pronoun "you," in defining who is an insured, is resolved, since the PEIC policy contains a Drive Other Car Coverage-Broadened Coverage for Named Individuals in Endorsement #9, which lists individual names of those who are insureds entitled to UM/UIM coverage.
 {¶ 14} The PEIC policy provides UM/UIM coverage to an insured and defines who is an insured, in pertinent part, in Endorsement #85, Ohio Uninsured Motorists Coverage-Bodily Injury, effective January 1, 2000, as follows:
"B. Who Is An Insured
"1. You.
"2. If you are an individual, any `family member.'"
 {¶ 15} The PEIC policy defines "you" as the named insured shown in the declarations, which provides that Van Leer is the named insured. The PEIC policy also defines "family member" as "a person related to you by blood, marriage or adoption who is a resident of your household, including a ward or foster child."
 {¶ 16} The PEIC policy also contains a Drive Other Car Coverage-Broadened Coverage for Named Individuals, effective January 1, 2000, in Endorsement #9, which provides as follows:
"C. Changes in auto medical payments and uninsured and underinsured Motorists Coverages
"The following is added to WHO IS AN INSURED:
"Any individual named in the Schedule and his or her `family members' are `insured' while `occupying' or while a pedestrian when being struck by any `auto' you don't own except:
"Any `auto' owned by that individual or by any `family member'."
 {¶ 17} The individuals named in the Schedule are "[a]ll managers, supervisors, salesmen and officers regularly furnished a private passenger vehicle."
 {¶ 18} The portion of the PEIC policy in Endorsement # 85, Ohio Uninsured Motorists Coverage-Bodily Injury, defining who is an insured is similar to the policy language in Scott-Pontzer, 85 Ohio St.3d at 663. InScott-Pontzer, "you" referred to the named insured in the declarations page, which was the corporation, and was interpreted to include the employees of the corporation: "[I]t would be reasonable to conclude that `you,' while referring to [the corporation], also includes [the corporation's] employees, since a corporation can act only by and through real live persons. It would be nonsensical to limit protection solely to the corporate entity, since a corporation, itself, cannot occupy an automobile, suffer bodily injury or death, or operate a motor vehicle. Here, naming the corporation as the insured is meaningless unless the coverage extends to some person or persons — including the corporation's employees." Scott-Pontzer, 85 Ohio St.3d at 663-664.
 {¶ 19} The Ohio Supreme Court has recently limited the scope of the holding in Scott-Pontzer "to apply only where an employee is within the course and scope of employment." Westfield, 2003-Ohio-5849, at ¶ 61. In Westfield, the issue before the Court was "whether the addition of an endorsement entitled `Drive Other Car Coverage-Broadened Coverage for Named Individuals' to the commercial motor vehicle policy prevents theScott-Pontzer ambiguity from being read into the policy." Id. at ¶ 53. The Court found that "creating [an] exception to Scott-Pontzer
would add to the confusion and arbitrariness, not lessen them." Id. at ¶ 56. The Court found that if it "were to slowly create a patchwork of exceptions and limitations, [it] would abandon certainty in the law and contribute to the continuing morass of litigation." Id. at ¶ 57. The Court ruled that "Scott-Pontzer was wrongly decided." Id. at ¶ 49. The Court then held that "[a]bsent specific language to the contrary, a policy of insurance that names a corporation as an insured for uninsured or underinsured motorist coverage covers a loss sustained by an employee of the corporation only if the loss occurs within the course and scope of employment." Westfield, 2003-Ohio-5849, at ¶ 62.
 {¶ 20} Here, Doyle Brown was fatally injured in an accident in Indiana while driving a motorcycle he owned. Doyle Brown's death was not related to Kelly Brown's employment with Van Leer, so that Kelly Brown's loss, as Doyle Brown's son, cannot be said to have occurred within the course and scope of Kelly Brown's employment with Van Leer. Therefore, the PEIC policy issued to Van Leer does not provide UM/UIM coverage.
 {¶ 21} Although the trial court erred when it determined that the Browns were insureds, summary judgment is nevertheless appropriate, because there is no loss sustained by an employee of the corporation while acting within the course and scope of employment. Accordingly, the Browns' First and Second Assignments of Error are overruled.
 IV {¶ 22} Both of the Browns' Assignments of Error having been overruled, the judgment of the trial court is affirmed.
Wolff and Glasser, JJ., concur.