DECISION AND JUDGMENT ENTRY
{¶ 1} In this dispute over insurance coverage, Charles and Roger Jeffers (the Jeffers) appeal the summary judgment in favor of Westfield Insurance Company (WIC) and The Cincinnati Insurance Company (CIC). The trial court concluded recent amendments to Ohio's uninsured/underinsured motorist (UM/UIM) statute changed the law to allow insurance companies to preclude coverage for wrongful death beneficiaries under their own UM/UIM policies. We agree that 1997 H.B. 261 removed the ambiguity that previously existed in R.C. 3937.18. Thus, the statute now permits insurance carriers to limit UM/UIM recovery to claims in which the insureds themselves suffer bodily injury or death.
 I. FACTS {¶ 2} The parties do not dispute the underlying facts. In December of 2000, Bubbie Jeffers died in an automobile accident when an intoxicated driver collided with his car. He was survived by his two brothers, Charles and Roger Jeffers, as well as other relatives not involved in this appeal. At the time of the accident, Charles Jeffers carried an automobile liability policy with CIC that provided UM/UIM coverage in the amount of $300,000. CIC originally issued this policy on September 22, 1999 and renewed it on September 22, 2000. The relevant portion of the uninsured motorist section of the policy states: "[w]e will pay compensatory damages which a covered person is legally entitled to recover from the owner or operator of: 1. An uninsured motor vehicle as defined in Sections 1., 2., and 4. of the definition of an uninsured motor vehicle because of bodily injury: a. sustained by a covered person; and b. caused by an accident." Charles Jeffers is pursuing a claim under the UM/UIM policy for alleged mental/emotional losses relating to the death of his brother.
 {¶ 3} Likewise, Roger Jeffers carried a commercial automobile policy with WIC in the name of Roger Jeffers, dba Ohio Cabinet Installers. This policy provided UM/UIM coverage in the amount of $1,000,000. WIC originally issued this policy in 1995 and renewed it on November 27, 2000. The relevant portion of this policy states: "[w]e will pay all sums the `insured' is legally entitled to recover as compensatory damages from the owner or operator of: a. An `uninsured motor vehicle' as defined in Paragraphs F.3.a., b. and c. because of `bodily injury': (1) sustained by the `insured'; and (2) caused by an `accident'." Roger Jeffers is now pursuing a claim under this UM/UIM policy.
 {¶ 4} CIC and WIC both denied coverage contending that the express terms of the policies restrict the UM/UIM coverage to bodily injury suffered by the insureds themselves. The success of this argument depends upon whether H.B. 261 as enacted on September 3, 1997 amended R.C. 3937.18 to permit this type of a restriction in coverage.
 {¶ 5} After Charles and Roger Jeffers filed their complaint, all four parties moved for summary judgment. The trial court denied the brothers' motions and granted the motions of CIC and WIC, finding they have no duty to provide UM/UIM coverage to Charles and Roger Jeffers.
 II. ASSIGNMENT OF ERROR {¶ 6} The Jeffers appealed and their sole assignment of error states:
THE TRIAL COURT HELD INCORRECTLY THAT THE 1997 AMENDMENTS TO OHIO'S UM/UIM STATUTE CHANGED THE LAW OF OHIO SO AS TO ALLOW UM/UIM CARRIERS TO EXCLUDE RECOVERY BY WRONGFUL DEATH BENEFICIARIES UNDER THEIR OWN UM/UIM POLICIES.
The Jeffers assert that the trial court misconstrued the meaning of the 1997 H.B. 261 amendment to R.C. 3937.18.
 {¶ 7} An appellate court independently reviews a trial court's decision to grant summary judgment. Grafton v. OhioEdison Co. (1996), 77 Ohio St.3d 102, 105, 671 N.E.2d 241, 245. In doing so, we apply the standard contained in Civ.R. 56, which states: summary judgment is appropriate when: (1) no genuine issue of material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the non-moving party, that reasonable minds can come to a conclusion only in favor of the moving party. See Grafton,
supra. Here there are no disputed historical facts. Furthermore, the interpretation of an automobile liability insurance policy presents a question of law that an appellate court reviews without deference to the trial court." Nationwide Mut. Fire Ins.Co. v. Gunman Bros. Farm (1995), 73 Ohio St.3d 107, 108,652 N.E.2d 684, 686.
 III. DETERMINING WHICH STATUTE APPLIES {¶ 8} Before addressing H.B. 261, CIC first argues that it renewed its policy with Charles Jeffers after the effective date of S.B. 267, which expressly permits insurers to limit UM/UIM coverage to situations in which the insured suffered bodily injury, went into effect. Thus, CIC asserts that S.B. 267 should control this policy and not H.B. 261. The Ohio Supreme Court held that when an issue of coverage arises vis-á-vis the statute, the issue is determined by the version of R.C. 3937.18 in effect when the insurance contract was formed. Ross v. Farmer's Ins. Groupof Companies (1998), 82 Ohio St.3d 281, 289, 695 N.E.2d 732,738. Furthermore, "commencement of each (two year) policy period mandated by R.C. 3937.18(A) brings into existence a new contract of automobile insurance, whether the policy is characterized as a new policy of insurance or a renewal of an existing policy."Wolfe v. Wolfe (2000), 88 Ohio St.3d 246, 250, 725 N.E.2d 261,265. The trial court correctly decided that the effective date for this policy was September 22, 1999, as this was the beginning date of the two-year policy, despite the fact that the company "renewed" it one year later. Therefore, H.B. 261 is the applicable version of the statute.
 IV. SUPREME COURT CASES AND LEGISLATIVE RESPONSES A. Moore Sexton {¶ 9} The Jeffers contend that they are entitled to UM/UIM coverage based on the Ohio Supreme Court's decision in Moore v.State Farm Auto. Mut. Ins. Co. (2000), 88 Ohio St.3d 27. Moore
held that R.C. 3937.18(A)(1), as amended by S.B. No. 20 (effective October 20, 1994), precludes an insurer from limiting UM/UIM coverage in such a way that an insured must suffer bodily injury, sickness, or disease in order to recover damages from the insurer. See the syllabus. The Jeffers contend that underMoore, the policies' language purporting to limit UM/UIM coverage to bodily injury suffered by the insured impermissibly limits the coverage required by R.C. 3937.18(A)(1).
 {¶ 10} The S.B. 20 amendment to R.C. 3937.18(A) was in effect from October 20, 1994 until September 2, 1997. The relevant portion of this section stated:
(A) No automobile liability or motor vehicle liability policy of insurance insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance, or use of a motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless both of the following coverages are provided to persons insured under this policy for loss due to bodily injury or death suffered by such persons[.]
R.C. 3937.18(A) (as amended by S.B. 20 emphasis added).
 {¶ 11} The Moore court addressed whether S.B. 20 superseded the holding in Sexton v. State Farm Mut. Auto. Ins. Co. (1982),69 Ohio St.2d 431. In Sexton the court found that R.C.3937.18(A) "did not specify that an insured must sustain bodily injury in order to recover damages." Moore at 29. Thus, it concluded policy restrictions that were narrower than the statute were void because they attempted to limit coverage impermissibly.
 {¶ 12} In apparent response to Sexton, the legislature passed S.B. 20. In reviewing the S.B. 20 changes to the wording of R.C. 3937.18(A), the Moore court concluded the language was ambiguous "regarding whether an insurer may limit uninsured motorist coverage to accidents in which an insured sustains bodily injury." Id. at 31. Ultimately, the court concluded S.B. 20 was not clearly meant to supersede Sexton and its language did not permit an insurer to limit coverage to situations where the insured suffered a bodily injury. Id. at 32.
 B.H.B. 261 {¶ 13} The relevant portion of R.C. 3937.18(A) after H.B. 261 went into effect on September 3, 1997[1] stated:
(A) No automobile liability or motor vehicle liability policy of insurance insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance, or use of a motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless both of the following coverages are provided to persons insured under this policy for loss due to bodily injury or death suffered by such insureds[.]
R.C. 3937.18(A) (as amended by H.B. 261 emphasis added). Here, we deal with the H.B. 261 version of the statute not the S.B. 20 version, which Moore discussed. The question now is whether the change of words from "such persons" to "such insureds" in H.B. 261 clears up the ambiguity that the Moore court noted.
 {¶ 14} Ohio appellate courts have split over this issue. The Jeffers cite Hedges v. Nationwide Mut. Ins. Co. (2004), Franklin App. No. 04AP-423,[2] which found that the H.B. 261 amendment did not clear up the ambiguity in R.C. 3937.18(A) and held insurance carriers are prohibited from requiring bodily injury to the insured in order to recover on a UM/UIM claim.Id.
 {¶ 15} The insurance companies urge us to adopt the reasoning in Cincinnati Equitable Ins. Co. v. Wells (May 14, 2004), Montgomery App. No. 20286, and Giant Eagle, Inc. v. Genesis Ins.Co. (S.D. Ohio 2003), 252 F.Supp.2d 559. In each of those cases, the court held that the H.B. 261 amendment to R.C. 3937.18(A) changed the language that the court relied on in Moore, and made it "clear that the UM/UIM coverage required by the statute is limited to accidents in which an insured sustains bodily injury, sickness, disease or death." Giant Eagle, Inc., 252 F.Supp.2d. at 570. Furthermore, "[b]y adopting instead the words `such insureds,' the 1997 version confines the required UM/UIM coverage * * * for claims for bodily injury and death suffered by the person(s) to whom `such insureds' specifically refers, the named insureds." Wells, Montgomery App. No. 20286 at 3. TheWells court concluded that the 1997 version of R.C. 3937.18(A), as amended by H.B. 261, permits the "coverage to be restricted to losses arising from bodily injuries and death which are suffered by a policy's insureds." Id.
 {¶ 16} The Jeffers argue that in Estate of Monnig v.Progressive Ins. Co. (April 15, 2004), Lawrence App. No. 03CA9, we have already applied Moore to policies governed by H.B. 261. However, we stated in Monnig that "Moore interpreted the S.B. No. 20 version of R.C. 3937.18. In this case, the H.B. 261 version applies. However, [appellee's] brief does not address whether Moore applies to the H.B. 261 version of R.C. 3937.18. Therefore, we will not address the issue. Nonetheless, at least one case has applied Moore to H.B. 261." Estate of Monnig,
Lawrence App. No. 03Ca9, footnote 2. While we acknowledged that another court had applied Moore to H.B. 261, we have not addressed the issue directly until now.
 IV. CONCLUSION {¶ 17} We agree with the reasoning in Wells and GiantEagle, Inc. and see no need to reiterate it here. We hold that the H.B. 261 amendment to R.C. 3937.18(A) clears up the ambiguity mentioned in Moore. Therefore, the H.B. 261 amendment permits UM/UIM insurance carriers to restrict coverage to claims for bodily injury and death suffered by the insureds themselves. Because neither Appellant has a claim for bodily injury to himself, neither one is covered by his respective UM/UIM policy.
 {¶ 18} We affirm the decision of the trial court.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that Appellees recover of Appellants costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Washington County Common Pleas Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, J. Kline, J.: Concur in Judgment and Opinion.
[1] This section of the Code was amended again on November 2, 1999, with S.B. 57, on September 21, 2000, with S.B. 267, and on October 31, 2001, with S.B. 97. The General Assembly expressly superceded the decision in Moore with S.B. 267. We are only interpreting the Code as it was in effect during the time of H.B. 261.
[2] This case is currently under review by the Ohio Supreme Court.