OPINION
{¶ 1} Defendant-appellant Motorists Mutual Insurance Company [hereinafter appellant] appeals from the February 3, 2003, Judgment Entry of the Stark County Court of Common Pleas which denied appellant's motion for summary judgment and granted summary judgment in favor of plaintiffs-appellees Lillian and Herbert Benedict [hereinafter appellees].
 STATEMENT OF THE FACTS AND CASE {¶ 2} This case arises out of an accident which occurred on March 24, 1996, which resulted in the death of Thomas H. Benedict, Jr. The deceased, then 19 years of age, was survived by his mother, Peggy McCollam, his father, Thomas Benedict, Sr. and his grandparents, Lillian and Herbert Benedict (appellees).
 {¶ 3} At the time of the accident, Benedict was a passenger on the back of a motorcycle operated by Wesley Bennett. The motorcycle was owned by Sean Goodrich. Appellees alleged that Bennett was operating the motorcycle at an excessive speed when another tortfeasor, John Alge failed to yield the right-of-way and pulled his motor vehicle into the path of the motorcycle. Thus, appellees contend that both Bennett and Alge were negligent and that the negligence directly and proximately caused the accident and the resulting death of Thomas Benedict, Jr.
 {¶ 4} Bennett was uninsured at the time of the motorcycle accident. Goodrich did not have any liability insurance. Alge was covered under a liability policy of insurance at the time of the accident issued by Westfield Insurance Company with a liability limit of $100,000.00. Peggy Sue McCollam was appointed Administratrix of the Estate of Thomas Benedict, Jr. McCollam, as Administratrix, asserted a claim against Alge and Westfield. Ultimately, Westfield paid $100,000.00 to the Estate. Upon payment of the $100,000.00 by Westfield, the Administratrix signed a release in favor of Alge on May 7, 1997.
 {¶ 5} Appellees did not receive any part of the $100,000.00 obtained from Alge and Westfield. According to McCollam, appellees wanted the settlement proceeds to be paid to the mother and father, namely, Peggy Sue McCollam and Thomas H. Benedict, Sr.
 {¶ 6} At the time of the accident, appellees were insured under a personal auto policy issued by appellant to Herbert W. Benedict. The personal auto policy contained a prompt notice provision, a subrogation clause and a consent to settle clause regarding tentative settlements with the tortfeasors.
 {¶ 7} On July 5, 2002, plaintiffs Peggy McCollam, individually and as Executor of the Estate of Thomas H. Benedict, Jr., Deceased, Thomas H. Benedict, Sr., Herbert W. Benedict and Lillian Benedict filed a complaint for declaratory judgment against six insurance companies, including appellant. The only claim against appellant Motorists was asserted by appellees under their personal auto policy. Appellees asserted a Sexton claim pursuant to Sexton v. State Farm MutualAutomobile Ins. Co. (1982), 69 Ohio St.2d 431, 433 N.E.2d 555, and Moorev. State Automobile Mut. Ins. Co. (2000), 88 Ohio St.3d 27,2002-Ohio-264, 723 N.E.2d 97.
 {¶ 8} On December 13, 2002, appellant filed a motion for summary judgment. Subsequently, appellees filed a brief in opposition and a cross motion for summary judgment. In a Judgment Entry filed February 3, 2003, the trial court granted appellees' motion for summary judgment and overruled appellant's motion for summary judgment. In the Judgment Entry, the trial court held that appellees were entitled to recover benefits under their personal auto policy issued by appellant for injuries they received individually for the loss of their grandson.
 {¶ 9} It is from the February 3, 2003, Judgment Entry that appellant appeals, raising the following assignments of error:
 {¶ 10} "I. The Trial Court Committed Reversible Error In Holding That Plaintiffs/appellees Herbert W. Benedict And Lillian Benedict Are Entitled To Uninsured/underinsured Motorists Coverage Under A Personal Auto Policy Issued By Defendant/appellant Motorists Mutual Insurance Company.
 {¶ 11} "A. Plaintiffs/Appellees Herbert W. Benedict and Lillian Benedict violated the notice and subrogation provisions contained within the Personal Auto Policy issued by Defendant/Appellant Motorists Mutual Insurance Company, and the Plaintiffs/Appellees' claims which were first presented to Defendant/Appellant Motorists Mutual Insurance Company over six years after the subject accident are barred as a matter of law.
 {¶ 12} "B. The Plaintiffs/Appellees are not entitled to uninsured/underinsured motorists benefits under the Personal Auto Policy issued by Defendant/Appellant Motorists Mutual Insurance Company as Plaintiffs/Appellees were not "legally entitled to recover" from the alleged tortfeasor at the time of the presentation of their claims.
 {¶ 13} "C. The Plaintiffs/Appellees failed to notify Defendant/Appellant Motorists Mutual Insurance Company of the tentative settlement with one of the alleged tortfeasors, John Alge, and his insurer, and such failure constitutes a material breach of the insurance contract which bars any recovery.
 {¶ 14} "II. If This Court Of Appeals Should Determine That Coverage Is Available Under The Personal Auto Policy Issued By Defendant/appellant Motorists Mutual Insurance Company, Which Is Hereby Denied, Then The "other Insurance" Clause In The Motorists Policy Is Applicable.
 {¶ 15} "A. Any coverage available under the Personal Auto Policy issued by Defendant/Appellant Motorists Mutual Insurance Company, if any, is excess to any uninsured/underinsured motorists coverage available to the Estate of Thomas H. Benedict, Jr., as a matter of law.
 {¶ 16} "III. The Trial Court Committed Reversible Error In Ordering That Defendant/appellant Motorist Mutual Insurance Company Must Submit The Issue Of Damages To Binding Arbitration.
 {¶ 17} "A. Defendant/Appellant Motorists Mutual Insurance Company has no contractual obligation to submit this dispute to binding arbitration under the unambiguous terms and conditions in its Personal Auto Policy.
 {¶ 18} "B. In its Judgment Entry filed on February 3, 2003, the Trial Court has denied Defendant/Appellant Motorists Mutual Insurance Company of its constitutional and statutory right to a jury trial."
 I {¶ 19} In the first assignment of error, appellant argues that appellees' claims are barred as a matter of law because appellees failed to comply with all of the terms and conditions of the policy.[1] We disagree.
 {¶ 20} Appellant presents several arguments in support of its contention. We will address each in turn. First, appellant contends that appellees' claims are barred because appellees violated the notice and subrogation type provisions contained in the policy when appellees first presented the claims to appellant over six years after the accident.
 {¶ 21} The Ohio Supreme Court recently addressed the issues of notice and subrogation type clauses in Ferrando v. Auto-Owners MutualInsurance Co., 98 Ohio St.3d 186, 2002-Ohio-7217, 781 N.E.2d 927. TheFerrando Court held:
 {¶ 22} "When an insurer's denial of underinsured motorist coverage is premised on the insured's breach of a prompt-notice provision in a policy of insurance, the insurer is relieved of the obligation to provide coverage if it is prejudiced by the insured's unreasonable delay in giving notice. An insured's unreasonable delay in giving notice is presumed prejudicial to the insurer absent evidence to the contrary.
 {¶ 23} "When an insurer's denial of underinsured motorist coverage is premised on the insured's breach of a consent-to-settle or other subrogation-related provision in a policy of insurance, the insurer is relieved of the obligation to provide coverage if it is prejudiced by the failure to protect its subrogation rights. An insured's breach of such a provision is presumed prejudicial to the insurer absent evidence to the contrary. (Bogan v. Progressive Cas. Ins. Co. [1988], 36 Ohio St.3d 22,521 N.E.2d 447, paragraph four of the syllabus, overruled in part.)"Ferrando, paragraphs one and two of syllabus.
 {¶ 24} After setting forth the above standards, the Ferrando Court articulated a two-step approach for determining whether the prompt notice and subrogation-related provisions were breached, and if so, whether the breach resulted in prejudice to the extent that uninsured/underinsured coverage is then forfeited. Ferrando, at ¶ 90-91, 781 N.E.2d 927.
 {¶ 25} Although this court has remanded cases for review in light of Ferrando when a trial court's decision was issued prior to theFerrando decision, the case sub judice was decided after the Ferrando
decision was announced. Therefore, we will review the trial court's decision.
 {¶ 26} The trial court found the following, in relevant part:
 {¶ 27} "Lillian and Herbert Benedict did not settle with or release any tortfeasor from liability. Pursuant to Weiker v. Motorists Mut. Ins.Co. (1998), 82 Ohio St.3d 182, The Benedicts have not violated any notice of settlement clauses.
 {¶ 28} "The Benedicts did violate the express prompt notice clause that precludes coverage if the insured fails to promptly notify the insurer of a loss. However, pursuant to Ferrando the court finds the Plaintiffs have rebutted the presumption of prejudice and that in fact Motorists was not prejudiced in this matter. Ferrando, supra.
 {¶ 29} "The court finds that at the time of the accident Plaintiffs were "legally entitled to recover" damages from the tortfeasors, however, the tortfeasors were not collectible beyond Alge's liability coverage." February 3, 2003, Judgment Entry.
 {¶ 30} We find that the appropriate standard of review is abuse of discretion. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 450 N.E.2d 1140. An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. Id. at 218.
 {¶ 31} The policy at issue contained the following notice provision:
 {¶ 32} "Duties After An Accident Or Loss
 {¶ 33} "We have no duty to provide coverage under this policy unless there has been full compliance with the following duties:
 {¶ 34} "A. We must be notified promptly of how, when and where the accident or loss happened. Notice should also include the names and addresses of any injured persons and of any witnesses." Motorists Policy, Page 8 of 10.
 {¶ 35} In addition, the policy contains a subrogation clause which provides as follows:
 {¶ 36} "Our Right To Recover Payment
 {¶ 37} "A. If we make a payment under this policy and the person to or for whom payment was made has a right to recover damages from another, we shall be subrogated to that right. That person shall do:
 {¶ 38} "1) Whatever is necessary to enable us to exercise our rights; and
 {¶ 39} "2) Nothing after loss to prejudice them." Motorists Policy, Page 9 of 10.
 {¶ 40} We find that the trial court did not abuse its discretion. Even if these clauses were violated, appellees rebutted the presumption of prejudice. Evidence in the trial court reflected that only Alge and Bennett were at fault. Further, there is no indication that Alge or Bennett were collectible. We find that it is especially telling that other insurance companies involved in this matter that had an opportunity to seek collection from Alge and Bennett did not do so. Upon review of the record, we find that the trial court did not abuse its discretion.
 {¶ 41} The policy imposed the following additional duty upon the appellees:
 {¶ 42} "Additional Duty After An Accident Or Loss
 {¶ 43} "A person seeking Uninsured Motorist Coverage must also promptly notify us in writing of a tentative settlement between the insured and the insurer of a vehicle described in Section 2. of the definition of uninsured motor vehicle, and allow us 30 days to advance payment to that insured in an amount equal to the tentative settlement to preserve our rights against the insurer, owner or operator of such uninsured motor vehicle." Motorists Policy Endorsement PP70 07 06 95, page 3 of 3.
 {¶ 44} The trial court found that appellees did not violate any "notice of settlement clauses," pursuant to Weiker v. Motorists MutualInsurance Company, 82 Ohio St.3d 182, 1998-Ohio-265, 1998-Ohio-373,694 N.E.2d 966. Weiker concerned the issue of whether a party breached a subrogation type clause when the party failed to notify the insurer of a tentative settlement in a wrongful death suit between the administrator of an estate and a tortfeasor when the insured was not the administrator of the estate. The Weiker court considered the following clause: "A person seeking Uninsured Motorists Coverage must also promptly notify us in writing of a tentative settlement between the insured and the insurer . . ." Weiker, 82 Ohio St.3d at 183-184. The Ohio Supreme held that "the language of Weiker's personal policy specifically requires notification of any `tentative settlement between the insured and the insurer of [the] vehicle." Id. at 185. Weiker, the insured, did not enter into a settlement agreement. Therefore, Weiker did not violate the explicit terms of the contract. Id. Rather, the court found that it was the administrator of the Estate who entered into the agreement and the administrator was not the insured. Id.
 {¶ 45} In the case sub judice, the clause imposed a duty upon an insured, such as appellees, to promptly notify appellant of a tentative settlement between the insured (appellees) and the insurer of the tortfeasor. Appellees did not enter a settlement, tentative or otherwise, with the tortfeasor's insurer. The settlement was between the Administratrix of the Estate of Thomas Benedict, Jr. and the insurer. Therefore, pursuant to the terms of the provision and Weiker, appellees had no duty to notify appellant of the tentative settlement.
 {¶ 46} Appellant also argues that appellees are barred from recovery because they are not legally entitled to recover. Appellant's argument is based upon the fact that the two-year time period within which to bring a wrongful death action against the tortfeasor had expired.[2]
 {¶ 47} Both the Motorists policy and R.C. 3937.18, in regard to underinsured coverage, require a claimant to be legally entitled to recover from the tortfeasor. Appellant contends that because the two-year time period had passed, appellees were no longer legally able to recover from the tortfeasor.
 {¶ 48} Appellees respond that the fact that the two-year time limitation on wrongful death actions had expired does not mean that appellees were no longer legally entitled to recover. Appellees' UM/UIM claim was a contract claim and not a tort action against the tortfeasors. Appellees argue that all that they needed to show was that the tortfeasor was at fault and as a result of the tortfeasor's negligence, they were damaged. Appellees' assert that their contractual rights under the Motorists policy vested on the date of Benedict's death. At that time, appellees were legally entitled to recover from the tortfeasors.
 {¶ 49} We will address the Motorists policy first. We recognize that some courts, including the Fourth District Court of Appeals inHutchison v. Midwestern Indemn. Co. (Aug. 5, 1987), Ross App. No. 1352, and Hutchison v. Midwestern Indemn. Co. (March 2, 1989), Ross App. No. 1496, have held that an appellant who failed to bring a wrongful death action against the tortfeasor within the two year statute of limitations was no longer "legally entitled to recover damages" from the tortfeasor. However, we agree with the reasoning of the Second District Court of Appeals in Ohio Farmers Ins. v. Binegar (Jan. 7, 1994), Montgomery App. No. 13906. In Binegar, the insurance company argued that Laurie Binegar, Administrator of the Estate of Delbert Binegar, was not entitled to UIM coverage since Binegar had failed to bring a wrongful death action against the tortfeasor within the two year time limit provided in the wrongful death statute. The trial court agreed and found that the Estate of Delbert Binegar was not legally entitled to collect from the insurance company since it had allowed the wrongful death claim against the tortfeasor to lapse due to the passage of time.
 {¶ 50} However, the Court of Appeals, in Binegar, reversed the trial court, holding, in relevant part, as follows: "We note that the 4th District Court of Appeals has construed the phrase "legally entitled to recover" to exclude an insured who fails to file a wrongful death action within the statutory period. Hutchinson v. State Automobile MutualInsurance Co. (August 5, 1987), Ross App. No. 1304, unreported; andHutchinson v. Midwestern Indemnity Co. (August 5, 1987), Ross App. No. 1352, unreported. . . .
 {¶ 51} "The policy requirement that an insured must be "legally entitled to recover damages" is reasonably susceptible of at least two interpretations: (1) that the insured's legal entitlement to recover damages against the tortfeasor is a condition of the accrual of a claim under the policy; or (2) the insured's legal entitlement to recover damages against the tortfeasor is a condition of the assertion of a claim under the policy. Under the former interpretation, Binegar was legally entitled to recover damages against the tortfeasor upon the decedent's death, so that at that point a claim accrued under the policy. Under the latter interpretation, Binegar could have asserted a claim under the policy immediately following the decedent's death, but lost the ability to assert a claim once it became too late to file a wrongful death action against the tortfeasor.
 {¶ 52} "Both interpretations are plausible. The first is more consistent with the basic concept of underinsured motorist coverage as a means of insuring the collectibility of liability against a tortfeasor in a motor vehicle accident. The second would be a way of providing the insurer with notice of a claim while there is still a possibility of recovering damages from the tortfeasor. However, the provision is not worded in language suggestive of a purpose of assuring notice." Id.
 {¶ 53} "Where terms of an insurance contract are reasonably susceptible of more than one interpretation, they will be construed strictly against the insurer and liberally in favor of the insured. Kingv. Nationwide Insurance Co. (1988), 38 Ohio St.3d 208." Id. at 4. TheBinegar court held that the term `legally entitled to recovery of damages" was reasonably susceptible to more than one interpretation and that there was no language in the subject insurance policy clearly and unambiguously putting the insured on notice that it established a time limit within which to make a claim for UIM benefits. The Court found that the language in the policy did not clearly and unambiguously reduce from fifteen years[3] to two years the time in which an action for UIM benefits on the contract at issue could be brought. For such reason, theBinegar Court, held that the insured was not barred from recovery. See also Hatcher v. Grange Mut. Cas. Co. (Dec. 14, 1993), Franklin App. No. 93AP-882.
 {¶ 54} In the case sub judice, the subject insurance policy does not define the phrase "legally entitled to recover damages" and does not indicate when the insured must be "legally entitled to recover damages" from the tortfeasor. The policy does not contain a provision which purports to limit the time for bringing a claim for uninsured motorist coverage. See Hatcher, supra. at 3. Applying Binegar, we find that the policy, therefore, is ambiguous. Pursuant to King, supra, such ambiguity must be construed in favor of appellees. Construing such ambiguity in appellees' favor, we find that appellees' legal entitlement to recover damages against the tortfeasor was a condition of the accrual of a claim under the insurance policies. Therefore, appellees were legally entitled to recover damages from the tortfeasors upon the decedent's death, "so that at that point a claim accrued under the policy." See Binegar,
supra. At such point in time, appellees were able to demonstrate the elements of their claim against the tortfeasors and were "legally entitled to recover."
 {¶ 55} We will now address R.C. 3937.18. R.C. 3937.18(A)(1) provides: "(A) No automobile liability or motor vehicle liability policy of insurance insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance, or use of a motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless both of the following coverages are provided to persons insured under the policy for loss due to bodily injury or death suffered by such persons:
 {¶ 56} "(1) Uninsured motorist coverage, which shall be in an amount of coverage equivalent to the automobile liability or motor vehicle liability coverage and shall provide protection for bodily injury or death under provisions approved by the superintendent of insurance, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness, or disease, including death, suffered by any person insured under the policy.[4]
 {¶ 57} "For purposes of division (A)(1) of this section, a person is legally entitled to recover damages if he is able to prove the elements of his claim that are necessary to recover damages from the owner or operator of the uninsured motor vehicle."
 {¶ 58} The statute does not define at what point in time an insured must be able to prove the elements of his claim. Although division (A)(1) uses the present tense twice in conjunction with the phrase "legally entitled to recover," it does not indicate at what point in time the determination of whether the insured is "legally entitled to recover" is to be made.
 {¶ 59} Therefore, we find the statute is ambiguous as to when the insured must be "legally entitled to recover." Because R.C. 3937.18 is a remedial statute to be liberally construed to give effect to the remedy it provides, the fact that appellees did not seek uninsured coverage until after the expiration of the two year statute of limitations does not serve as a basis to deny uninsured coverage.
 {¶ 60} Based on the foregoing, we find that appellees were not barred from pursuing their UM/UIM claims against appellant even though they did not timely file a wrongful death action against the tortfeasors. In summary, we find the trial court committed no errors nor abuse of discretion.
 {¶ 61} Appellant's first assignment of error is overruled.
 II {¶ 62} In the second assignment of error, appellant argues that should this court conclude that coverage is available under the Motorists policy, then the "other insurance" clause in the policy is applicable.
 {¶ 63} The trial court did not address this issue. The "other insurance" clause provided as follows:
 {¶ 64} "Other Insurance
 {¶ 65} "If there is other applicable insurance available under one or more policies or provisions of coverage:
 {¶ 66} "1. Any recovery for damages under all such policies or provisions of coverage may equal but not exceed the highest applicable limit for any one vehicle under any insurance providing coverage on either a primary or excess basis.
 {¶ 67} "2. Any insurance we provide with respect to a vehicle you do not own shall be excess over any collectible insurance providing coverage on a primary basis.
 {¶ 68} "3. If the coverage under this policy is provided:
 {¶ 69} "a. On a primary basis, we will pay only our share of the loss that must be paid under insurance providing coverage on a primary basis. Our share is the proportion that our limit of liability bears to the total of all applicable limits of liability for coverage provided on a primary basis.
 {¶ 70} "b. On an excess basis, we will pay only our share of the loss that must be paid under insurance providing coverage on an excess basis. Our share is the proportion that our limit of liability bears to the total of all applicable limits of liability for coverage provided on an excess basis.
 {¶ 71} Motorists Policy, Endorsement PP 70 07 06 95, Page 2 of 3.
 {¶ 72} Appellees argue that this issue is premature because the issue of damages owed has yet to be determined. We agree. This issue will become relevant once damages are determined. At that point, the trial court must determine the applicability of the cited provisions.
 {¶ 73} Appellant's assignment of error is overruled as premature.
 III {¶ 74} In the third assignment of error, appellant argues that the trial court committed reversible error when it ordered appellant to submit the issue of damages to binding arbitration when there was no contractual obligation to do so. We agree.
 {¶ 75} Appellant submits that the policy at issue has no binding arbitration clause. This court addressed such a situation in a recent opinion.
 {¶ 76} In the Universal Underwriters Ins. Co. v. The Estate ofRichard Miller, Stark App. No. 2002CA00225, 2003-Ohio-2489, the appellants argued that the Stark County Court of Common Pleas had erred in ruling that they were not entitled to binding arbitration under an umbrella policy issued by Universal Underwriters Insurance Company. The insurance company asserted that the trial court correctly ruled that the appellants were not entitled to arbitration since the policy did not contain an arbitration clause and there was no basis for imposing such an arbitration clause by operation of law. This Court agreed with Universal Underwriters by holding as follows:
 {¶ 77} "[P]ursuant to our decision in Hopkins[5] and the Ohio Supreme Court's decision, in Scott-Pontzer, we will not impose an arbitration provision contained in the underlying business auto policy to the terms of the umbrella policy since UIM coverage, under the umbrella policy, arose by operation of law. Further, unlike the Scott-Pontzer
decision where the restriction sought to be enforced, the scope of employment language, was actually contained in the umbrella policy, the umbrella policy sub judice does not contain an arbitration provision. . . .
 {¶ 78} "[w]e refuse to impose an arbitration provision, to the terms of the umbrella policy, when the arbitration provision sought to be enforced is not contained in the umbrella policy." Id. at 26 and 27.
 {¶ 79} Thus, in the absence of an arbitration provision contained within the policy, it is error for a trial court to order a matter to binding arbitration. This policy did not contain an arbitration clause. Therefore, it was error for the trial court to order this matter to binding arbitration.
 {¶ 80} Accordingly, appellant's third assignment of error is sustained.
 {¶ 81} The judgment of the Stark County Court of Common Pleas is affirmed, in part, and reversed, in part. This matter is remanded to the trial court for proceedings consistent with this opinion.
By Edwards, J., Gwin, P.J. and Boggins, J. concur.
[1] Appellant does not dispute that appellees are insured under the policy.
[2] See R.C. 2125.02(D).
[3] Revised Code 2305.06 provides that an action upon a written contract shall be brought within fifteen years after the cause thereof accrued.
[4] The portion of R.C. 3937.18(A) which concerns underinsured coverage does not contain the requirement that one be "legally entitled to recover." Therefore, the discussion above is limited to uninsured coverage. See R.C. 3937.18(A)(2).
[5] Hopkins v. Dyer, Tuscarawas App. Nos. 2001AP0887, 2001AP0888, 2002-Ohio-1576.