OPINION JUDGMENT ENTRY
{¶ 1} Appellant Westfield Insurance Company ("Westfield") appeals the decision of the trial court that granted Appellee Tamara Bernabei's motion for summary judgment and denied Westfield's motion for summary judgment. The following facts give rise to this appeal.
 {¶ 2} This lawsuit is the result of a fatal automobile/motorcycle accident that occurred on September 24, 1998, in Tuscarawas County. At the time of the accident, appellee's decedent, Richard Bernabei, was operating a motorcycle he owned while under the influence of alcohol. The decedent's documented blood alcohol level was .192. The driver of the automobile, Michelle Kellogg, admitted that she negligently caused the accident. The decedent is survived by a spouse, appellee; his parents, Robert and Shirley Bernabei; and three adult siblings; Angela Bernabei, David Bernabei and Steven Bernabei.
 {¶ 3} At the time of the accident, the decedent was employed by Hilscher-Clarke Electric Company("Hilscher-Clarke"). In effect, on the date of the accident, was a commercial policy issued to Hilscher-Clarke, by Westfield, that identified Hilscher-Clarke as the named insured. The policy provided automobile liability limits in the amount of $1,000,000 and umbrella liability limits in the amount of $6,000,000 general aggregate per occurrence. However, on January 24, 1992, Hilscher-Clarke executed a form requesting a reduction in UM/UIM limits. The limits were reduced to $25,000.
 {¶ 4} Subsequently, Kellogg's insurer, Liberty Mutual, paid its per person limits of $25,000. Thereafter, appellee filed a lawsuit for UIM benefits against Westfield, Cincinnati Insurance Company and St. Paul Fire Marine Insurance Companies seeking coverage under the various policies issued by these insurers to Hilscher-Clarke, the decedent's union and appellee's employer. At the same time, the decedent's parents and siblings also filed a lawsuit for UM benefits against their respective personal auto carriers. In addition, David Bernabei filed a lawsuit against St. Paul Fire Marine Insurance Group seeking UIM benefits pursuant to the policy of insurance issued to his employer. For purposes of this appeal, we are concerned with the coverage issues pertaining to the policy Westfield issued to Hilscher-Clarke.
 {¶ 5} The insurers filed various motions for summary judgment. On February 6, 2002, the trial court granted summary judgment to appellee with respect to her claims against Cincinnati Insurance Company and Westfield. On March 5, 2002, the trial court granted summary judgment against St. Paul Fire 
Marine Insurance Company with respect to the claims of appellee and David Bernabei.
 {¶ 6} On March 8, 2002, Westfield filed a notice of appeal. However, the parties agreed to dismiss the appeal, on May 13, 2002, due to the lack of a final appealable order. On September 11, 2003, the trial court issued a judgment entry nunc pro tunc in which it again granted appellee's motion for summary judgment and denied Westfield's motion for summary judgment. The trial court included Civ.R. 54(B) language certifying the entry as a final appealable order.
 {¶ 7} Westfield timely filed a notice of appeal and sets forth the following assignments of error for our consideration:
 {¶ 8} "I. The trial court erred in finding that appellee tamara bernabei is entitled to underinsured motorist coverage from appellant westfield insurance company under policy No. CSP 3 103 376 issued to Hilscher-Clarke Electric Co., the employer of appellee's deceased husband
 {¶ 9} "II. The trial court erred in refusing to enforce a valid and effective reduction of um/uim coverage limits.
 {¶ 10} "III. The trial court erred in ordering the parties to binding arbitration regarding issues of comparative fault.
 {¶ 11} "IV. The trial court erred in imposing um/uim coverage by operation of law in favor of appellee under the commercial umbrella coverage part of the westfield policy.
 {¶ 12} "V. The trial court erred in ordering arbitration with respect to coverage imposed by operation of law under the commercial umbrella coverage part of the westfield policy."
 "Summary Judgment Standard" {¶ 13} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party,Inc. (1987), 30 Ohio St.3d 35, 36. As such, we must refer to Civ.R. 56 which provides, in pertinent part:
 {¶ 14} "* * * Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in the party's favor. * * *"
 {¶ 15} Pursuant to the above rule, a trial court may not enter summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall, 77 Ohio St.3d 421,429, 1997-Ohio-259, citing Dresher v. Burt, (1996),75 Ohio St.3d 280.
 {¶ 16} It is based upon this standard that we review Westfield's assignments of error.
 I {¶ 17} In its First Assignment of Error, Westfield maintains the trial court erred when it determined Appellee Tamara Bernabei is entitled to UIM coverage under the commercial policy it issued to the decedent's employer. We agree.
 {¶ 18} In the case sub judice, the trial court found coverage, under the business auto coverage portion of the commercial policy Westfield issued to the decedent's employer, pursuant to the Ohio Supreme Court's decision in Scott-Pontzerv. Liberty Mut. Fire Ins. Co., 85 Ohio St.3d 660, 1999-Ohio-292.
 {¶ 19} In Galatis v. Westfield Ins. Co.,100 Ohio St.3d 216, 2003-Ohio-5849, the Ohio Supreme Court limited the Court's previous decision in Scott-Pontzer. In doing so, the Court held as follows:
 {¶ 20} "Absent specific language to the contrary, a policy of insurance that names a corporation as an insured for uninsured or underinsured motorist coverage covers a loss sustained by an employee of the corporation only if the loss occurs within the course and scope of employment." Id. at paragraph two of the syllabus.
 {¶ 21} Appellee concedes the decedent was not in the course and scope of his employment at the time of the fatal accident. Appellee also concedes the decedent was operating his own motorcycle when the accident occurred. Further, the decedent was not a named insured under the policy Westfield issued to Hilscher-Clarke. Therefore, the Galatis decision applies and appellee is not entitled to coverage under Westfield's business auto coverage portion of the commercial policy issued to Hilscher-Clarke.
 {¶ 22} Appellee is also not entitled to UIM coverage under the umbrella portion of the commercial policy Westfield issued to Hilscher-Clarke. The trial court imposed coverage, by operation of law, in favor of appellee, on the basis that Westfield failed to offer additional UM/UIM coverage with respect to the umbrella portion of the commercial policy. However, because no coverage is available under the underlying policy, in that the decedent was not an "insured" under the policy and was not in the course and scope of his employment at the time of the accident, we conclude appellee is not entitled to coverage under the umbrella policy.
 {¶ 23} In Mayle v. Gimroth, Stark App. No. 2002CA00413, 2003-Ohio-2493, we explained:
 {¶ 24} "* * * The [umbrella coverage] form provides any other person who is an insured under the underlying insurance will be an insured for umbrella liability purposes, but only in so far as coverage is afforded by the underlying insurance. The trial court found the underlying policy does not afford coverage to decedent, and this means no coverage is available under the umbrella policy.
 {¶ 25} "Appellant argues the failure of Westfield to comply with Ohio statutory and case law in its attempts to limit the amount of coverage requires us to find the coverage under the umbrella policy arises as a matter of law. While this may well be true, we find it does not alter the basic definition of who is an insured for purposes of the policy." Id. at ¶ 23 and ¶ 24.
 {¶ 26} Accordingly, we sustain Westfield's First Assignment of Error. We will not address Westfield's Second, Third, Fourth or Fifth Assignments of Error as they are moot based upon our disposition of Westfield's First Assignment of Error. We will also not address the issue of whether the parties entered into an enforceable settlement agreement as that issue is currently pending before this court in Case No. 2004CA00148.
 {¶ 27} The judgment of the Court of Common Pleas, Stark County, Ohio, is hereby reversed.
Wise, J., Hoffman, P.J., and Boggins, J., concur.
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, is reversed.
Costs assessed to Appellee.