OPINION
{¶ 1} These appeals involve a variety of claims for Underinsured Motorist Insurance ("UIM") arising under the authority of Scott-Pontzer v. Liberty Mut. Fire Ins. Co.
(1999), 85 Ohio St.3d 660, 710 N.E.2d 1116. The underlying consolidated cases arose from a fatal automobile accident that occurred on September 24, 1998, in Tuscarawas County. At the time of the accident, Richard Bernabei, the decedent, was operating a motorcycle he owned while under the influence of alcohol. The driver of the other vehicle, Michelle Kellogg, admitted that she negligently caused the accident. The decedent is survived by a spouse, Appellee Tamara Bernabei; a mother and father, Robert and Shirley Bernabei; and three adult siblings, Appellee David Bernabei, as well as Angela and Steven Bernabei.
 {¶ 2} Two prior appeals regarding partial motions for summary judgment in these cases have come before us. We held in these cases that the recent case of Westfield Ins. Co. v. Galatis,100 Ohio St.3d 216, 2003-Ohio-5849, 797 N.E.2d 1256, was determinative of the UIM issues raised by Richard Bernabei's accident. See Bernabei v. St. Paul Fire Marine Insurance, 5th Dist. No. 2003CA346, 2004-Ohio-4901 ("Bernabei I") andBernabei v. Cincinnati Ins. Cos., 5th Dist. Nos. 2003CA73, 2003CA78, 2004-Ohio-4939 ("Bernabei II"). Likewise, the issues in the instant two appeals are resolved by Galatis. Based on the analysis that follows below, the assignments of error raised by Appellant St. Paul Fire Marine Insurance Companies ("St. Paul") are sustained, and the cross-assignment of error raised by Appellee Tamara Bernabei is overruled.
 {¶ 3} At the time of the automobile accident, Appellees Tamara and David Bernabei were employed by Aultman Health Foundation and Aultman Hospital, Inc. ("Aultman"). St. Paul had issued two insurance policies to Aultman: business auto policy No. HA 034005709T004, with limits of $1 million in liability and UM/UIM coverage; and an umbrella excess policy, No. 534XD3041, with limits of $4 million in liability coverage, and no UM/UIM coverage.
 {¶ 4} On September 25, 2000, Tamara Bernabei, individually and as executrix of the estate of her husband, filed suit in the Stark County Court of Common Pleas against St. Paul seeking UIM damages under the two St. Paul policies. This was docketed as Stark C.P. No. 2000CV02399.
 {¶ 5} On January 16, 2001, Robert, Shirley, Angela, Steven and David Bernabei filed suit against St. Paul and other insurance companies seeking damages from the accident. This was docketed as Stark C.P. No. 2001CV00133. David Bernabei specifically sought UIM coverage under the same two St. Paul policies.
 {¶ 6} The two common pleas court cases were consolidated on March 13, 2001, under Stark C.P. No. 2000CV02399.
 {¶ 7} St. Paul and Appellees filed cross motions for summary judgment on the UIM coverage issues. On March 5, 2002, the trial court found Tamara and David Bernabei individually to be insureds under the two St. Paul policies based on the holding ofScott-Pontzer. The trial court found that, as insureds, Tamara and David were entitled to wrongful death benefits under the St. Paul policies based on the requirements of R.C. § 3937.18 and the holdings in Sexton v. State Farm Mut. Ins. Co. (1982),69 Ohio St.2d 431, 23 O.O.3d 385, 433 N.E.2d 555 and Moore v. StateAuto. Mut. Ins. Co. (2000), 88 Ohio St.3d 27, 723 N.E.2d 97. The court also held that neither Richard Bernabei nor his estate were insureds under the St. Paul policies. Therefore, they were not entitled to UIM benefits under either policy. Tamara and David had argued that Richard Bernabei was insured because he was a family member of an insured.
 {¶ 8} The March 5, 2002, judgment entry did not contain the "no just cause for delay" language set forth in Civ.R. 54(B). The judgment entry was amended on February 5, 2003, to include the Civ.R. 54(B) language. St. Paul filed two notices of appeal, under both of the lower court case numbers, as a matter of precaution. These appeals were designated as Appeal Nos. 2003CA00103 and 2003CA00104. Appellee Tamara Bernabei filed a cross-notice of appeal in Appeal No. 2003CA00103. St. Paul has filed two assignments of error and Tamara has filed one cross-assignment of error in these appeals.
 {¶ 9} It now appears that the notice of appeal filed under Appeal No. 2003CA00104 was redundant and unnecessary, because the underlying common pleas court cases had already been consolidated. We will issue one single Opinion for both appeals. As a matter of procedural housekeeping, we dismiss Appeal No. 2003CA00104 as duplicative.
 {¶ 10} On September 13, 2004, this Court released theBernabei I Opinion, holding that Tamara Bernabei was not entitled to UIM coverage under an insurance policy issued to the decedent's employer. The case was decided on the basis ofGalatis.
 {¶ 11} On September 20, 2004, we released Bernabei II,
which held that Richard Bernabei's status as a member of a labor union did not entitle him to UIM coverage under his union's insurance policy. Bernabei II further held that Robert and Shirley Bernabei were entitled to wrongful death benefits under the UIM provisions of their personal automobile liability policy.Bernabei II was also decided, in large part, on the basis ofGalatis.
 ASSIGNMENTS OF ERROR {¶ 12} St. Paul's two related assignments of error assert:
 {¶ 13} "The trial court erred in finding tamara or David Bernabei to be um/uim insureds under the St. Paul business auto policy relative to Richard Bernabei's accident and that Tamara or David Bernabei are entitled to any um/uim coverage under the St. Paul business auto policy.
 {¶ 14} "The trial court erred in finding Tamara or David Bernabei to be entitled to any um/uim coverage under the St. Paul Umbrella policy because, inter alia, they are not insureds under the underlying St. Paul policy for um/uim coverage and are not insureds under the terms of the St. Paul umbrella policy, and hence, can be entitled to no um/uim coverage by operation of law."
 {¶ 15} This appeal challenges the trial court's decision to grant summary judgment to Tamara and David Bernabei. Appellate review of summary judgment is de novo. Grafton v. Ohio EdisonCo. (1996), 77 Ohio St.3d 102, 105, 671 N.E.2d 241. In accordance with Civ.R. 56, summary judgment is appropriate:
 {¶ 16} "[W]hen (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor. Horton v. Harwick Chem. Corp. (1995),73 Ohio St.3d 679, 653 N.E.2d 1196, paragraph three of the syllabus. The party moving for summary judgment bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Dresher v. Burt
(1996), 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264, 273-274."Zivich v. Mentor Soccer Club (1998), 82 Ohio St.3d 367,369-370, 696 N.E.2d 201.
 {¶ 17} If the moving party satisfies its initial burden of proof, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall (1997), 77 Ohio St.3d 421, 429,674 N.E.2d 1164, citing Dresher, supra, 75 Ohio St.3d 280,662 N.E.2d 264.
 {¶ 18} St. Paul argues that Tamara and David Bernabei are not insureds under the St. Paul policies, and therefore, cannot claim UIM coverage under Sexton and Moore. Briefly, Sexton andMoore interpreted R.C. § 3937.18 to mean that certain insureds could claim UM/UIM coverage for losses arising from bodily injury or death, whether or not the person who suffered the bodily injury or death was an insured person. Sexton and Moore
concluded that the specific phrasing of the 1988 version and the 1994 versions of R.C. § 3937.18 set forth such coverage.
 {¶ 19} The particular version of R.C. § 3937.18 at issue in the instant appeal became effective in 1997 through Am.Sub.H.B. 261, and states:
 {¶ 20} "(A) No automobile liability or motor vehicle liability policy of insurance insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance, or use of a motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless both of the following coverages are offered to persons insured under the policy forloss due to bodily injury or death suffered by such insureds:
 {¶ 21} "* * *
 {¶ 22} "(2) Underinsured motorist coverage * * * shall provide protection for insureds thereunder against loss forbodily injury, sickness, or disease, including death, suffered by any person insured under the policy * * *." (Emphasis added.)
 {¶ 23} In Bernabei II, we held that Sexton/Moore coverage also extends to the 1997 Am.Sub.H.B. 261 version of R.C. §3937.18, based on the emphasized portion of the statute noted above. Bernabei II concluded that, even under the 1997 version of the statute, if an insured suffers a loss and that loss is due to the bodily injury or death of any person, then the insured can claim UIM coverage. Thus, in Bernabei II, Robert and Shirley Bernabei could claim Sexton/Moore coverage under their personal automobile insurance policy for losses they sustained as insureds due to the bodily injury and death of their son, Richard Bernabei.
 {¶ 24} The first step in any Sexton/Moore analysis is determining whether the person asserting the claim is an insured. It is clear that Tamara and David Bernabei are not insureds with respect to the September 24, 1998, accident. Tamara and David attempted to define themselves as insureds by virtue ofScott-Pontzer, which held that an ambiguity arises when a corporate automobile insurance policy defines the term "insured" using the word "you." Under Scott-Pontzer, the employees of the corporation are treated as insureds in such a corporate automobile liability policy based on the ambiguity inherent in the word "you." Scott-Pontzer, 85 Ohio St.3d at 664,710 N.E.2d 1116.
 {¶ 25} The recent Galatis opinion, though, severely restricted the application of Scott-Pontzer so that it only applies to situations in which the employee was acting in the course and scope of employment at the time of the accident.Galatis at paragraph two of the syllabus. It is undisputed that Richard Bernabei's accident had nothing to do with the course and scope of Tamara or David's employment with Aultman, and therefore, Tamara and David cannot claim UIM or Sexton/Moore
coverage under the St. Paul policies owned by Aultman. We conclude that St. Paul's first and second assignments of error have merit. The judgment of the Stark County Court of Common Pleas is reversed, and summary judgment is granted to St. Paul with respect to both policies.
 CROSS ASSIGNMENT OF ERROR {¶ 26} Appellee Tamara Bernabei's sole cross-assignment of error states:
 {¶ 27} "THE TRIAL COURT COMMITTED ERROR BY REFUSING TO EXTEND UIM COVERAGE TO FAMILY MEMBERS."
 {¶ 28} Tamara argues that Richard Bernabei should have been treated as an insured family member under the St. Paul policies, based on the holding of Scott-Pontzer. The insurance policy at issue in Scott-Pontzer defined an insured as: "you" and "[i]f you are an individual, any family member." Id.,85 Ohio St. 3d at 663, 710 N.E.2d 1116. Scott-Pontzer held that employees were insureds, for UIM purposes, under a corporate auto policy that defined the insured by the word "you". The Ohio Supreme Court extended Scott-Pontzer coverage to family members of employees in Ezawa v. Yasuda Fire Marine Ins. Co. of Am. (1999),86 Ohio St.3d 557, 715 N.E.2d 1142.
 {¶ 29} The Galatis case, referred to above, specifically overruled both Scott-Pontzer and Ezawa, and held:
 {¶ 30} "Where a policy of insurance designates a corporation as a named insured, the designation of `family members' of the named insured as other insureds does not extend insurance coverage to a family member of an employee of the corporation, unless that employee is also a named insured." Id. at paragraph three of the syllabus.
 {¶ 31} Neither Tamara nor David Bernabei are listed as named insureds in either St. Paul policy, thus, their family members cannot claim coverage under the policies. Furthermore, this Court has previously ruled (in a pre-Galatis case) that the definition of "insured" that St. Paul uses in its automobile liability policies precludes "family members" from claimingScott-Pontzer coverage under those policies. St. Paul Fire Marine Ins. Co. v. Morrison, 5th Dist. No. 2002CA74, 2003-Ohio-1902 (in which the identical policy language was reviewed, and in which Scott-Pontzer coverage was denied to family members).
 {¶ 32} Based on both Galatis, and the prior holding of this Court in Morrison, supra, we hereby overrule Appellee Tamara Bernabei's cross-assignment of error.
 CONCLUSIONS {¶ 33} We sustain St. Paul's two assignments of error, reverse the trial court judgment, and grant summary judgment to St. Paul with respect to Tamara and David Bernabeis' UIM claims under the two St. Paul policies under review in these appeals. We also overrule Tamara Bernabei's cross-assignment of error, and affirm the trial court judgment with respect to the denial of UIM coverage to family members of Tamara and David Bernabei under the two St. Paul policies. We further dismiss Appeal No. 2003CA00104 as being duplicative of the filings in Appeal No. 2003CA00103. The case is hereby remanded to the trial court for further proceedings according to law and consistent with this Opinion.
Donofrio, J., concurs.
Vukovich, J., concurs.